

**Steven I. Adler, Esq.**
**Co-Chair, Litigation and**
**Employment Practice Groups**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
SAdler@mblawfirm.com
T: (973) 243-7930
F: (973) 325-7467

September 21, 2022

*Filed via ECF*

Hon. Douglas E Arpert, U.S.D.J.
402 E. State Street, Courtroom 6W
Trenton, NJ  08608

      RE:    CC Ford Group West, LLC v. Johnson et al.
              Civil Action No.: 3:22-cv-04143 (MAS) (DEA)

Dear Judge Arpert:

      We represent Plaintiff CC Ford Group West, LLC ("Plaintiff" or the "Company") and are writing to correct many of the "facts" and misleading statements set forth in the unverified letter sent to the Court today by defense counsel on behalf of Defendants Jennifer Johnson ("Johnson") and Project Velocity, Inc. ("PVI").

      This case is not a business divorce, as defense counsel claims, because Johnson never had any ownership interest in the Company.  In fact, there is at least one document in which Johnson concedes this fact.  Moreover, while counsel is correct that several, important, clients of the Company retained PVI, they fail to mention or address anywhere in their letter, that Defendants began working with Plaintiff's clients behind the Company's back while the Individual Defendants were still on the Company's payroll.  The evidence of this fact is so overwhelming that defense counsel, in their letter, could not think of anything to say about these violations and thought it best to "put their head in the sand" and just ignore these crucial facts establishing clear-cut violations of their non-compete and non-solicitation agreements, their duty of undivided loyalty, and that Defendants were caught "red-handed" as "faithless servants."  Of course, PVI is "growing the business briskly", as defense counsel states, because Defendants have been stealing accounts, tortiously interfering with Plaintiff's client relationships and unfairly competing rather than starting their own business from scratch.  Their behavior is precisely what occurred in <u>LaMorte Burns</u>, discussed in Plaintiff's brief, that the New Jersey Supreme Court held was per se unlawful.

      Defense counsel also falsely state that Johnson does not have a non-compete by focusing only on her original agreement from 2013 that was recently assigned by another CC Ford company to Plaintiff.  It is, therefore, enforceable.  Regardless, however, they fail to mention that Johnson signed another contract just a few months ago, a Consulting Agreement with Plaintiff, precluding her from working with the subject clients of the Company.  Again, defense counsel conveniently ignore these verified facts as well.



Page 2.

      Defense counsel claims there are three problems with Plaintiff's application. First, they allege in bold type that "Plaintiff in this action does not have a non-compete agreement with Johnson." We strongly disagree for the reasons set forth above. We respectfully refer the Court to the Consulting Agreement entered into by Johnson and CC Ford and all of its related entities in March 2022. It is Exhibit C to the Verified First Amended Complaint. Second, defense counsel argues that "Plaintiff waited for more than seven months after Johnson left [Plaintiff]" to enforce its rights. The fact of the matter is that the Consulting Agreement only expired two months ago in late July, and the parties have been in mediation since that time. Moreover, just last week Defendants again clearly violated their contractual obligations to Plaintiff. Third, defense counsel argue that balancing the equities tips in Johnson's favor because her employees are relying upon PVI's business and an injunction would "serve no purpose other than to injure those innocent parties." In reality, they are relying upon the Company's former business that they stole and an injunction would serve the purpose of protecting Plaintiff's good will and minimize the irreparable harm Plaintiff is experiencing. Furthermore, we do not know who these alleged "innocent parties" are that they reference but believe that the only employees working for PVI are Defendants Beth Weiler and Carrie Bicking who are far from innocent, as the First Amended Complaint makes abundantly clear.

      It is truly disconcerting that Defendants would file such a misleading—and on many supposedly key points, false—letter. For the reasons set forth in the order to show cause filed yesterday, we respectfully request that the relief sought be granted in toto.

                                   Respectfully submitted,

                                   MANDELBAUM BARRETT PC

SIA/dmf                         */s/ Steven I. Adler*
                                 STEVEN I. ADLER, ESQ.