# CRITCHLEY, KINUM & LURIA, LLC
ATTORNEYS AT LAW
75 LIVINGSTON AVENUE - SUITE 303
ROSELAND, NEW JERSEY 07068

MICHAEL CRITCHLEY
MICHAEL CRITCHLEY, JR.
CHRISTOPHER W. KINUM
AMY LURIA
_____

ARMANDO B. SUÁREZ

(973) 422 - 9200
(973) 422 – 9700 fax
www.critchleylaw.com

September 22, 2022

**By ECF Filing**

Hon. Michael A. Shipp
Hon. Douglas E. Arpert
United States District Court
District of New Jersey
United States Courthouse
402 East State St., Room 2020
Trenton, NJ 08608

      *Re: CC Ford Group, LLC v. Johnson*, 22-cv-04143-MAS-DEA

Dear Judge Shipp and Judge Arpert:

Along with Slarskey LLC, we represent Defendant Jennifer Johnson and Project Velocity, Inc. in connection with the above-referenced dispute (the "Action"). At the risk of sending one letter too many, we write briefly in reply to Plaintiff's letter to the Court yesterday. (Doc. 11.)

Plaintiff opens its letter accusing us of making "misleading statements" to the Court, and closes its letter stating that it is "truly disconcerting" that we would seek to explain our clients' position before the Court enters an order enjoining our clients from earning a living and continuing their business.

What is misleading, and truly disconcerting, is that Plaintiff asks this Court to destroy our client's business based on: (1) an agreement that was not assigned to it until September 11, 2022—seven months *after* our client left that company, and more than seven years after its restrictions expired; and (2) based on a secondary consulting agreement, dated March 26, 2022 (the "Consulting Agreement"), that *does not impose any restrictions on our client* after July 17, 2022. (*See* Doc. 9-1, Ex. B (Assignment) and Ex. C (Consulting Agreement).)

Plaintiff contends the Consulting Agreement "preclud[es] [Ms. Johnson] from working with the subject Clients of the Company." (Doc. 11 (Adler Letter).)  It does nothing of the sort on a *prospective* basis. That agreement, the term of which explicitly "end[ed] on July 17, 2022," expressly provided that "[t]he Company expects that Contractor will pursue other business opportunities during the term of this Agreement," and required our clients, "***for the duration of the term of this Agreement***, not to solicit or [*sic*] any client, customer, or employee of the Company to engage in any business relationship with Contractor other than in furtherance of the objectives of this Agreement." (*See* Doc 9-1, Ex. C

(emphasis added)).  Whatever obligations the Consulting Agreement may have imposed between March 26, 2022 and July 17, 2022, it provides *no basis* for a prospective injunction against Defendant.

It is "truly disconcerting" that Plaintiff seeks a prospective injunction, to destroy our clients' business, based on one agreement's restrictions that expired years ago, and another agreement's restrictions that expired back in July 2022.

        Respectfully submitted,

        */s/ Amy Luria*
        Amy Luria
        Critchley, Kinum & Luria, LLC

        */s/ David Slarskey*
        David Slarskey[1]
        Slarskey LLC
        420 Lexington Avenue, Suite 2525
        New York, NY  10170
        (212) 658-0661

---

[1] *Pro hac* admission pending.