# CRITCHLEY, KINUM & LURIA, LLC
ATTORNEYS AT LAW
75 LIVINGSTON AVENUE - SUITE 303
ROSELAND, NEW JERSEY 07068

MICHAEL CRITCHLEY
MICHAEL CRITCHLEY, JR.
CHRISTOPHER W. KINUM
AMY LURIA
──────────────
ARMANDO B. SUÁREZ

(973) 422 - 9200
(973) 422 – 9700 fax
www.critchleylaw.com

October 31, 2023

**By ECF Filing**

Hon. Douglas E. Arpert
United States District Court
District of New Jersey
United States Courthouse
402 East State St., Room 2020
Trenton, NJ 08608

   *Re: CC Ford Group, LLC v. Johnson*, **22-cv-04143-MAS-DEA**

Dear Judge Arpert:

  We represent Defendants Jennifer Johnson and Project Velocity, Inc. ("PVI") in the above-captioned matter. We write in response to Plaintiff's October 26, 2023 letter ("Plaintiff's Letter") on the subject of: (1) de-designating certain documents that PVI and Ms. Johnson relied upon in opposing Plaintiff's motion to amend the complaint; and (2) reducing the confidentiality designation of certain other documents from "Attorneys Eyes Only" to "Confidential".[1]

  1. **Untimely Request**

  As an initial matter, Plaintiff failed to advise the Court that nearly all the documents for which PVI and Ms. Johnson seek to remove the Confidentiality designations are on the docket, temporarily filed under seal based upon Plaintiff's improper Confidentiality designations, in connection with Plaintiff's pending motion to amend the complaint.  Thus, Plaintiff's Letter is effectively an untimely application to seal, pursuant to Local Rule 5.3(C)(2)(ii) and Section 9 of the applicable Confidentiality Order in this action, Doc. 43 (incorporating the rule).

  Local Rule 5.3(C)(2)(ii) pertains to the sealing of materials filed with the Court.  It provides that a motion to seal "shall be (a) filed within 14 days following the completed briefing of the materials sought to be sealed…"  Here, the motion to amend was fully briefed on September 5, 2023, such that

---

[1] Capitalized terms are given the same meaning as in Plaintiff's Letter, unless otherwise defined here.

Plaintiff's motion to seal should have been brought no later than September 19, 2023. For that reason alone, Plaintiff's request should be denied.

2. **Objections to Confidential Designations**

More importantly, Plaintiff's Confidential designations are inappropriate. PVI and Ms. Johnson initially requested that Plaintiff de-designate these documents because PVI and Ms. Johnson intended to (and ultimately did) rely upon these documents in opposing Plaintiff's motion to amend the complaint. (*See* Doc 60, Exs 1-3, 5, 7-10). PVI's and Ms. Johnson's reason for relying on these documents is clear. Plaintiff's proposed amended complaint (Doc. 52-3, Ex. 1 ("Proposed Am. Compl.")) contains unhinged and libelous allegations that accuse Ms. Johnson, PVI, and others of engaging in criminal misconduct, and attacks—in scurrilous terms—Ms. Johnson's character and capabilities as the former Managing Director of Plaintiff. For example, Plaintiff's allegations include that Ms. Johnson was "a mean and disgruntled employee" (*Id.*. ¶1), "devious" (¶3), "never took any initiative to learn the complexities of running the business or finances" (¶19), was nearly terminated for "inappropriate behavior, lack of performance, and creating a poor work environment" (¶20), was "out of touch" with clients (¶42), "was an overall failure" (¶43), and on and on.

In addition, since the gravamen of Plaintiff's non-compete claims have been all but rejected by the Court,[2] Plaintiff now seeks, frivolously, to add a RICO claim (¶177 et seq.), alleging that PVI -- a pharmaceutical consulting company, built upon Ms. Johnson's twenty-year track record of success -- was created for an "unlawful purpose" and that Ms. Johnson has been engaged in "racketeering activity." (¶¶ 183, 182.)

The documents marked by Plaintiff as Confidential, and relied upon by PVI and Ms. Johnson in opposing the motion to amend, provide extensive and substantive rebuttal to the false and damaging allegations made by Plaintiff in the proposed amended complaint.[3] Plaintiff should not be permitted to publicly assassinate Ms. Johnson's character, and accuse her of criminal conduct, and then hide the **evidence that demonstrates those allegations are false** behind a seal of confidentiality. There is absolutely no reason to keep these documents Confidential—especially when Plaintiff has placed onto the Court's docket its libelous allegations against Ms. Johnson.[4]

---

[2] Plaintiff's existing complaint is based upon a non-compete agreement between Ms. Johnson and a *different* company, which Plaintiff bizarrely contrived to obtain by assignment from that company *after* Ms. Johnson resigned, months after Plaintiff filed this complaint, and on the eve of Plaintiff's TRO application seeking to shut PVI down. The Court rejected the ruse of the assignment, denied the TRO application, and noted that it was "not convinced" that a valid non-compete agreement even exists between Plaintiff and Ms. Johnson.

[3] Indeed, Plaintiff's entire theory of the case makes no sense. If, in fact, Ms. Johnson were so incompetent or detrimental to the business, there is no world in which Plaintiff would seek to retain her services or seek damages for her departure—and ineffective competition with Plaintiff.

[4] Notably, despite Defendants' strong evidentiary showing to rebut the allegations, Plaintiff has not provided a **single document** to support its outrageous allegations. Accordingly, PVI has issued a Rule 11 notice given the manner in which Plaintiff is litigating this dispute.

It would be an affectation of research to cite the authorities for the presumption of public access to judicial records, and the need for the party seeking to seal records to demonstrate good cause—and even then, to seal those records narrowly. All of the documents at issue are more than a decade old, such that any confidential information in them should long since be deemed stale. But if, in fact, there is any confidential client information in those documents (which has not been specified), it can be narrowly redacted, without redacting the portions that are cited by Ms. Johnson and PVI in their opposition papers. No other basis for maintaining the Confidential designations has been provided. Accordingly, the Court should deny Plaintiff's application and direct that Ms. Johnson's Opposition to Plaintiff's motion to amend, including all supporting documents, Doc's 60; Exs 1-3, 5, 7-10, 12, be unsealed. At a *maximum*, the Court should permit narrow redactions that do not conceal the basis for citing the documents.

3. **Attorneys' Eyes Only Designations**

Plaintiff's "Attorneys' Eyes Only" designations are also inappropriate. Ms. Johnson has asserted counterclaims against Plaintiff and its principal John Studdiford, arising out of Studdiford's and Plaintiff's bookkeeping and accounting practices, which damaged Ms. Johnson by falsely diminishing her profit share in Plaintiff's business. Plaintiff has asserted "Attorneys Eyes Only" designations over old financial records of Plaintiff (2016-2021), which are based upon *the business that Ms. Johnson generated as Plaintiff's managing director*. PVI and Ms. Johnson seek to reduce the designation of those documents, so that Ms. Johnson can assist counsel in understanding and analyzing those financial records. At this time, PVI and Ms. Johnson do not seek to remove the Confidentiality designations of these documents, as the documents are not being filed with the Court, but reserve the right to seek de-designation at a later date.

Plaintiff provides no valid justification for concealing these documents from Ms. Johnson. Plaintiff argues that information concerning "clients" and "project pricing" would "provide [PVI] a competitive advantage if [Johnson] were permitted access to this information." (Pl. Letter at 2.) But these are aggregate financial statements, not records of "project pricing," and they are several years old. Moreover, they are based on business *that Ms. Johnson generated*, such that she has already had access to these records and undoubtedly understands, generally, how the projects were priced. This is

nothing more than an attempt by Plaintiff to handicap PVI and Ms. Johnson from developing their counterclaims, with the assistance of the person most familiar with the data, *i.e.* Ms. Johnson. The designation of these records should be reduced from "Attorneys Eyes Only" to "Confidential."[5]

                                                Respectfully submitted,

                                                */s/ Amy Luria*
                                                Amy Luria
                                                Critchley, Kinum & Luria, LLC

                                                */s/ David Slarskey*
                                                David Slarskey
                                                Slarskey LLC

---

[5] Though Plaintiff takes a swipe at PVI's designation of its own financial statements as "Attorneys Eyes Only," it does not seek to reduce the designation to Confidential. If it had sought that relief, PVI would point out that the financial records are not on the same footing: PVI's financial records are current, and no one at Plaintiff has previously had access to PVI's financial information, such that there is no particular need or benefit associated with disclosing PVI's financial records to Plaintiff's personnel, where as there is a competitive risk to PVI. On those bases, the records should not be treated similarly.