

**Janine Matton, Esq.**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
jmatton@mblawfirm.com
T:  973.736.4600
F: 973.325.7467

April 1, 2024

<u>**VIA ECF**</u>
The Hon. Douglas E. Arpert, U.S.M.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 6W
Trenton, New Jersey 08608

> **Re: CC Ford Group West, LLC v. Johnson, Project Velocity, Inc., et al.**
> **3:22-cv-04143 — Joint Status Letter**

Dear Judge Arpert,

    This law firm represents Plaintiff CC Ford Group West, LLC ("**Plaintiff**" or "**CCFW**"), and Counterclaim Defendant John Studdiford ("**Studdiford**") in this matter. Defendants Jennifer Johnson ("**Johnson**") and Project Velocity, Inc. ("**PVI**") are represented by Critchley, Kinum & Luria LLC and Slarskey LLC and Defendants Carrie Bicking and Beth Weiler are represented by McElroy Deutsch Mulvaney & Carpenter LLP (Johnson, PVI, Bicking and Weiler, together, the **"Defendants"**). We write on behalf of all parties pursuant to Judge Arpert's Order of February 21, 2024, requiring the parties to submit a status report to the presiding Magistrate Judge by March 31, 2024, concerning the outcome of a March 21, 2024 mediation, and to provide a proposed schedule for discovery.  (ECF-81).

    For background, pursuant to the Court's January 23, 2023 Scheduling Order (ECF No. 42), the parties submitted a joint letter dated December 6, 2023 (the **"December 6 Letter"**) to Judge Arpert, in advance of an upcoming conference, seeking assistance in resolving several discovery disputes, and informing the Court that Plaintiff and all Defendants had agreed to participate in mediation before the Hon. James DeLuca, J.S.C. (ret.) which was set to take place on December 14, 2023. Previously, Plaintiff filed a motion seeking leave to file a Second Amended Complaint (the **"SAC"**) that sought to add two new parties in this litigation, PharmaEssentia USA ("**PEC**") and its former President of the America's Meredith Manning ("**Manning**") (See ECF- No. 52). Those proposed new parties also agreed to participate in the mediation.

    In the December 6 Letter, Plaintiff also informed Judge Arpert that CCFW had recently learned that PVI hired a former CCFW employee who had a non-compete agreement with it and that CCFW would be seeking to further amend the complaint to add additional facts relating to a tortious interference claim against Johnson and PVI already pled in the Complaint.  Defendants oppose the further amendment of the complaint for the same reasons they articulated in opposition to the motion to amend that was pending at the time the parties entered into mediation.

The Hon. Douglas E. Arpert, U.S.M.J.
April 1, 2024
Page 2

Thereafter, on December 11, 2023, Judge Arpert ordered that "for reasons of judicial economy and to conserve resources, this matter is stayed pending completion of the mediation, and the Clerk is to terminate this matter from the active docket." (ECF No.77). Judge Arpert further ordered that "Plaintiff's motion seeking leave to file a SAC is terminated (ECF No. 52) and, upon lifting the stay, Plaintiff may re-file its motion with its updated proposed pleading." (ECF No. 77).

The mediation was adjourned twice because Manning and PEC retained new counsel. Thereafter, Plaintiff requested in a February 1, 2024 joint status letter, and again in a February 20 joint status letter, that Judge Arpert modify the stay so that the parties could engage in certain discovery tasks including narrowing discovery search terms while the mediation was pending. The February 21, 2024 Order modified the December 11, 2023 order to the extent that it ordered the parties to "promptly meet and confer in a good faith effort to agree on revised search terms and custodians as well as a proposed schedule for discovery if the matter is not resolved at the mediation on March 21, 2024." (ECF No. 81).

With that background, the parties report to Your Honor that, unfortunately, the mediation held on March 21, 2024, was unsuccessful.

Regarding discovery, the parties have met and conferred on search terms and have significantly reduced the universe of documents in Plaintiff's collections from about 360K emails (excluding families), to about 134K emails and attachments (with a family count of over 235K documents). However, this is still voluminous and the parties are attempting to reach agreement concerning further reductions. Nevertheless, assuming the resulting volume of total documents to be reviewed is in the 150K range, Plaintiff expects it would take between three and four months of at least five dedicated attorney reviewers to complete this review. While Plaintiff has reviewed emails and documents prior to these revisions and has made productions to Defendants, significant review work remains. Defendants also have not completed their production of documents to Plaintiff, and additionally the parties have an outstanding discovery dispute relating to Plaintiff seeking inspection of a hard drive owned by Johnson.

Furthermore, proposing the discovery schedule Judge Arpert ordered may depend upon how the Court decides to manage reinstatement of the case and Plaintiff's refiling of its motion to amend the Complaint. As stated in Plaintiff's December 6, 2023 update to the Court, Plaintiff has determined that it needs to add as an additional Defendant a former CCFW executive who was hired by PVI despite his non-competition agreement.

Plaintiff's position is that the parties should finish paper discovery and postpone any depositions until the Court decides Plaintiff's to-be-filed motion to amend the Complaint. Otherwise, people who are deposed now will undoubtedly have to appear again for their depositions since we fully expect our motion to amend to be granted. Plaintiff expects that, by the time the new motion to amend is decided, the parties will have largely completed paper and electronic discovery between the current parties and discovery as to the new parties should go quickly because we previously served subpoenas on PEC and Manning and they have produced certain documents to us as of this writing.

The Hon. Douglas E. Arpert, U.S.M.J.
April 1, 2024
Page 3

      Defendants believe that the motion to amend the complaint *again*—now to add RICO claims, computer hacking claims, and a raft of scandalous and wholly-unmerited allegations that cannot survive Rule 11—was untimely made under Rule 16 and cannot in any event survive a motion to dismiss. Accordingly, prior to the parties agreeing to mediate, PVI attempted to take a few priority depositions, aimed at discerning whether there is *any basis at all* to many of the more salacious allegations that Plaintiff has made (especially since there appears to be no support for them in the paper discovery to date). Plaintiff stymied those efforts and refused to produce witnesses for the reasons it has articulated above. PVI submits that a few early, targeted depositions may be helpful to determine whether there is even a good faith basis to Plaintiff's claims.

      Finally, at the time the parties entered mediation, Plaintiff also had pending motions to dismiss Defendants' counterclaims and Defendants' complaint against Studdiford. Those motions remain to be considered by the Court and may also impact the scope of discovery.

      Given all the foregoing, the parties respectfully request that the Magistrate Judge assigned to this matter hold a conference with the parties to address these issues.

                                            Respectfully submitted,

                                            */s/Janine N. Matton*
                                            JANINE N. MATTON