**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CC FORD GROUP WEST, LLC, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> JENNIFER JOHNSON, CARRIE BICKING, BETH WEILER, PROJECT VELOCITY, INC., and JOHN DOES 1-10, <br><br> Defendants/Counterclaimants. | Case No. 3:22-cv-04143 <br><br> **CERTIFICATION OF STEVEN I. ADLER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| JENNIFER JOHNSON and PROJECT VELOCITY, INC., <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> JOHN STUDDIFORD, <br><br> Third-Party Defendant. | |

STEVEN I. ADLER, ESQ., pursuant to 28 U.S.C. § 1746, certifies as follows:

1.  I am an attorney-at-law of the State of New Jersey and a shareholder in the law firm of Mandelbaum Barrett, P.C., counsel for Plaintiff CC Ford Group West, LLC ("CCFW" or "Plaintiff") and Third-Party Defendant John Studdiford in the above-captioned matter, and I am authorized to make this Certification on their behalf.

2.  I am fully familiar with the facts and history of this action, and I make this Certification upon personal knowledge of the information contained herein.

3.  I make this Certification in support of Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC") in the form submitted herewith.

-1-

## Case Background and Relevant Procedural History

4. The instant action was commenced by way of Complaint filed by Plaintiffs against Defendants Jennifer Johnson ("Johnson") in the Superior Court of New Jersey, Somerset County, on May 16, 2022, and removed to the United States District Court, District of New Jersey, on June 17, 2022. *See* ECF No. 1, Ex. A. As set forth therein, Plaintiff sought damages for breach of contract, breach of fiduciary duty, tortious interference with existing and future business relationships, and trespass to chattel.

5. On September 20, 2022, Plaintiff filed a First Amended Complaint ("FAC"), adding Carrie Bicking ("Bicking"), Beth Weiler ("Weiler") and Johnson's new company Project Velocity, Inc. ("PVI") (collectively, with Johnson, "Defendants"). ECF No. 9. As set forth therein, Plaintiff sought damages for breach of contract (Johnson, Bicking and Weiler), breach of fiduciary duty (Johnson), breach of the duty of undivided loyalty and violations of the faithless servant doctrine (Johnson, Bicking, Weiler and John Does 1-10), tortious interference with existing and future business relationships (all Defendants), trespass to chattel (Johnson), unfair competition (all Defendants), and theft of trade secrets and misappropriation of confidential information (all Defendants). *Id.*

6. On September 29, 2022, pursuant to Court Order, Johnson returned her Company issued laptop to Plaintiff.

7. Plaintiff subsequently engaged a forensic expert to review the laptop, which led to the discovery that Johnson had deleted CCFW confidential and proprietary files and had viewed and copied and/or moved hundreds of confidential and proprietary documents on external devices in March and May 2022.

8. On January 23, 2023, the Court entered a Scheduling Order providing that fact discovery was to be completed by September 29, 2023, and that "[a]ny motion for leave to amend the pleadings or add parties must be timely made and in any event within 60 days of receipt of responses to the parties' initial written discovery requests." ECF No. 42.

9. In mid-February 2023, the current parties served discovery demands on each other, and Plaintiff also served third-party discovery demands via subpoena on Plaintiff's former client PharmaEssentia USA Corp. ("PEC"), and PEC's former President of the Americas Meredith Manning ("Manning").

10. On April 4, 2023, Johnson and PVI filed objections and scant or no responses to most of Plaintiff's discovery demands. The only document they produced was a certificate of incorporation that was publicly available.

11. Plaintiff's Interrogatory 4 requested information on work conducted for CCFW's former clients from January 1, 2022 and requested production of contracts and other documents reflecting same. Johnson and PVI's April 2023 response to this Interrogatory was primarily a general objection that Defendants disputed the validity of Johnson's non-compete agreement and then a statement that, subject to resolving objections, "the response to this Interrogatory will be found in Defendants' document production…"

12. Interrogatory 17 requested information regarding conversations between Johnson and Manning regarding transferring PEC work which was being performed by CCFW to PVI or new PEC work given directly to PVI. After similar objections, Defendants responded that Johnson could not recall the conversations and that they "may be evidenced by document search and production but are not otherwise specifically recalled by Defendants." As noted above, the only document Defendants produced in April 2023 was PVI's certificate of incorporation.

13. CCFW, therefore, sent a deficiency letter to defense counsel on April 25, 2023, which Defendants did not respond to until May 22, 2023, but still only provided limited additional information.

14. The parties held two meet-and-confer conferences on May 5 and May 11 of 2023 and negotiated search terms for electronic discovery.

15. Plaintiff responded to Defendants' May 22 letter on June 6, 2023, with a detailed response to Defendants' continuing objections and provided modifications to some of Plaintiff's discovery requests.

16. On June 6, 2023, the parties also participated in a case management conference with Magistrate Judge Arpert during which Plaintiff indicated its intention to file a SAC to add Manning and PEC as additional defendants and to add additional claims.

17. Plaintiff made its first production on June 20, 2023, producing six years' worth of QuickBooks files for CCFW.

18. On June 30, 2023, after an additional meet-and-confer conference with Defendants' counsel, defense counsel sent Plaintiff's counsel an email confirming electronic search terms and indicating that, while both sides had agreed to an initial production of emails by July 15, based on Defendants' team's vacation schedules, Defendants would need to change the date to July 21. We consented.

19. On or about July 13, 2023, Defendants produced three pages of a financial statement related to PVI. Even as to that document, it was incomplete.

20. On July 20, 2023, we requested a short extension to July 25 for both parties to make their first production of emails and Defendants agreed.

21. Until July 25, 2023, Johnson and PVI had produced only a handful of documents

and even they were incomplete. Plaintiff and Defendants are continuing a rolling production of documents.

22. As to PEC and Manning, CCFW sent document preservation letters to them on or about September 22, 2022, and, as noted above, served subpoenas on them on February 10, 2023 to produce documents and appear for their depositions. The subpoenas scheduled the depositions, as place holders, for March 15, 2023, but were adjourned pending document production. Manning and PEC agreed to produce a subset of the requested documents on a rolling basis.

23. PEC and Manning began producing documents on a rolling basis on April 18, 2023, producing invoices, together with supporting documents from PVI and associated payment authorizations by PEC, over dates ranging from approximately April 2022 to March 2023.

24. On May 2, 2023, Manning and PEC produced a March 29, 2022 Master Services Agreement ("MSA") between PEC and PVI, and a related Statement of Work ("SOW").

25. On May 4, 2023, Manning and PEC produced additional SOWs relating to the March 29, 2022 MSA.

26. On May 19, 2023, Manning and PEC produced additional documents, including emails relating to PEC budgets and forecasts for PVI work.

27. On July 12, 2023, Manning and PEC produced another SOW.

28. By joint letter, dated on or about July 26, 2023, Plaintiff notified the Court that Defendants were improperly limiting, and in fact placing a roadblock on, discovery. We notified the Court that Johnson and PVI were refusing to produce any documents that related to any time period after July 2022, when Johnson's Consulting Agreement expired, even though what work she performed after that date, and what she and PVI were paid after that date, were both relevant to whether they breached various agreements as well as damages suffered by Plaintiff. Moreover,

Plaintiff had asserted other claims, such as tortious interference and unfair competition, to which those later documents were highly relevant.

29. On July 27, 2023, months before the close of fact discovery and prior to the cutoff date to add parties to this litigation, Plaintiff filed its initial motion for leave to file a Second Amended Complaint ("SAC") seeking, *inter alia,* to add two new Defendants to the litigation, Plaintiff's former client PEC and PEC's former President of the Americas Manning. ECF No. 52.

30. Thus, despite receiving virtually no paper discovery from Defendants until July 25, 2023, just two days later Plaintiffs filed this motion to for leave to file the SAC. Accordingly, Plaintiff has acted with due diligence to pursue these additional claims. Considering that very limited discovery had occurred so far—with the Parties just beginning to exchange paper discovery, having recently worked out search terms for electronic discovery and no depositions having yet been taken—there would be no hardship to Defendants if the Court granted Plaintiff leave to file the SAC. Similarly, there would be no harm to PEC or Manning. They have known since being served with the subpoenas and litigation hold letters, that they likely would become parties in this litigation.

31. On August 4, 2023, and August 9, 2023, I received letters from counsel for Manning and PEC and from counsel for Defendants, respectively, indicating they intended to seek Rule 11 sanctions if the proposed SAC were filed. CCFW vehemently disputed that there was any basis for such threats and notes that no Rule 11 motion ever was filed by any of the Defendants. We call it to the Court's attention to simply note that, despite the lack of merit in said letters, Plaintiff made minor changes to the previously proposed SAC which is the subject of this motion.

32. Further, Johnson's and PEC's September 8, 2023 production, included emails from Johnson's personal Gmail account from February and March 2022 showing that CCFW's

former IT vendor, Giuseppe Rodriguez, was communicating with Johnson through one of her personal email addresses regarding the purchase of a new laptop while she was still employed with CCFW. A month prior to that, in January 2022, Johnson, through her CCFW email address, asked Mr. Rodriguez to produce an archive of her 2022 files, and also discussed with him a new computer for her, at a time when no plans existed for Johnson to be issued a new computer as part of her CCFW employment.

33. In a December 6, 2023 joint letter to Magistrate Judge Arpert presenting various discovery disputes, Plaintiff informed the Court that it had recently learned that PVI hired a former CCFW employee, Matthew Ornelas-Kuh ("Ornelas-Kuh"), who had entered a non-compete agreement with CCFW. CCFW sent to Defendants a proposed amended pleading with those additional facts to determine if they would consent to this supplemental pleading. At that time, no new claims were added; just additional facts relating to a tortious interference claim already pled in the Complaint.  Defendants would not agree to the inclusion of these supplementary facts and, considering that Plaintiff already had a motion pending to file a proposed Second Amended Complaint, Plaintiff asked for the Court's guidance as to how best to present the issue.

34. In the December 6 joint letter, the Parties informed Magistrate Judge Arpert that (a) Plaintiff and all Defendants agreed to participate in mediation before Retired Judge James DeLuca, which was set to take place on December 14, 2023, (b) tellingly, the parties Plaintiff then sought to add in the proposed Second Amended Complaint, PEC and Manning, also agreed to participate in the mediation, (c) it was the Parties' understanding that Manning and other key people were no longer employed by PEC and that, as a result, counsel for PEC and Manning informed Plaintiff and Judge DeLuca that the mediation would need to be delayed for about a month as PEC determined what executives with authority would be able to participate in the mediation.

35. On December 11, 2023, "for reasons of judicial economy and to conserve the resources of the parties," the Court ordered a stay of the proceedings and terminated the initial motion to file a SAC , as the Parties (together with Manning and PEC) were then in the process of scheduling a mediation. ECF No. 77. The Order also provided that rather than potentially reinstate the motion to file the SAC if mediation proved unsuccessful, "Plaintiff may re-file its motion with its updated proposed pleading" upon the lifting of the stay. *Id.*

36. Thereafter, Plaintiff learned of additional facts that implicated at least one other party that needed to be brought into the case as a defendant. In a February 20, 2024 joint status letter to the Magistrate Judge Arpert regarding delays in mediation, Plaintiff reiterated to the Court that Plaintiff had reason to believe PVI hired Ornelas-Kuh despite Johnson's knowledge of his agreements with Plaintiff and while we were in the midst of this suit and that this new information now supported adding Ornelas-Kuh as a defendant for his breaches of his non-competition and confidentiality agreements with Plaintiff, theft of CCFW and its clients' confidential documents and trade secrets, and damaging CCFW through fraudulently passing onto CCFW and one of its major clients the cost of extravagant personal expenses.

37. Most recently, Plaintiff learned that in July 2023, Johnson and/or Ornelas-Kuh started a new limited liability company, Project Velocity Partners LLC, which is registered in Delaware. Plaintiff also learned that Ornelas-Kuh, in his marketing communications as part of the PVI team, uses an email address of mornelas-Kuh@projectvelocitypartners.com, likely to hide from public view his and PVP's association with Johnson and PVI.

38. The Parties, Manning and PEC were ultimately unable to reach settlement at mediation, and on June 17, 2024, the Court gave Plaintiff leave to file the instant motion to amend.

4888-4715-5923, v. 2

**Proposed Second Amended Complaint**

39. The above-described documents, and the information contained therein, serve to elucidate Manning and PEC's complicity in Johnson's schemes, and liability for same.

40. In addition, these newly obtained documents and information also provide a basis for supplementing Plaintiff's factual allegations, and bringing additional claims against the existing Defendants, as well as PEC, Manning, Ornelas-Kuh and PVP.

41. Accordingly, Plaintiff now moves again for leave to file a SAC, to formally add PEC, Manning Ornelas-Kuh, and PVP as Defendants in this action, and to amend or otherwise supplement the facts and counts set forth in the FAC.

42. Attached hereto as Exhibit "**1**" is the form of the proposed SAC and its accompanying exhibits A through D.

43. Attached hereto as Exhibit "**2**" is a redlined form of the proposed SAC showing the modifications to the FAC.

44. Attached hereto as Exhibit "**3**" is a compendium of the unpublished cases that are cited in Plaintiff's brief in support of this motion for leave to file the SAC, submitted herewith.

45. Based on the foregoing, the annexed brief and all exhibits submitted herewith, Plaintiff respectfully requests that the Court grant its motion for leave to file the SAC.

I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Executed on: July 26, 2024

*Mandelbaum Barrett, P.C.*
*Attorneys for Plaintiff/Counter-Defendant and Third-Party Defendant*

*/ Steven I. Adler*
_____
*Steven I. Adler, Esq.*

*3 Becker Farm Road, Suite 105*
*Roseland, New Jersey 07068*
*T: (973) 736-4600*
*F: (973) 736-4670*
*sadler@mblawfirm.com*

-10-