**Steven I. Adler, Esq.**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
d: 973.243.7930
f: 973.325.7467

October 31, 2024

**VIA CM/ECF**

The Honorable Tonianne J. Bongiovanni
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

Re:   *CC Ford Group West, LLC v. Johnson et al.*; Civil Action No. 3:22-cv-04143
      **Outstanding Discovery, Scheduling Matters and Request for Status Conference**

Dear Judge Bongiovanni:

This law firm represents Plaintiff CC Ford Group West, LLC ("Plaintiff" or "CCFW") and Counterclaim Defendant John Studdiford ("Studdiford") in the above-captioned matter (the "Lawsuit"). We write on behalf of our clients to respectfully request a telephonic status conference with Your Honor to discuss several pending discovery and scheduling items that require the Court's involvement.

By way of background, this Lawsuit was stayed in December 2023 (Dkt. No. 77) pending mediation. The mediation unfortunately failed to resolve the matter, and Your Honor held a status conference on June 17, 2024 at which time the Court, *inter alia*, (1) reactivated non-party subpoenas, (2) instructed the parties to direct any discovery disputes to the Court's attention via letter, and (3) held that the "discovery schedule will be addressed after a decision on the motion to amend [Plaintiff's Complaint]…" *See* Text Order of June 17, 2024.

Plaintiff ultimately filed its Second Amended and Supplemental Complaint ("Plaintiff's Amended Pleading") on September 6, 2024, adding several new claims and parties to the Action. (Dkt. No. 92).

As the Court may recall, it specifically directed the parties, by way of its August 22, 2024 Text Order, to "submit a proposed stipulation regarding the deadline by which Defendants shall answer, move, or otherwise respond" to Plaintiff's Amended Pleading. We understand the parties have

The Honorable Tonianne J. Bongiovanni
October 31, 2024

now agreed upon the below listed briefing schedule. Plaintiff is working with the parties to finalize a stipulation that memorializes these dates. Indeed, Plaintiff is eager to move both briefing and discovery forward in a case that is now two and a half years old.

> 1) The Original Defendants and Defendants PVP, PEC and Manning shall each file an answer, move to dismiss or otherwise respond to the SAC by November 18, 2024;
>
> 2) Plaintiff's opposition to any motions to dismiss shall be filed by December 9, 2024; and
>
> 3) Defendants' replies, if any, shall be filed by December 19, 2024.

Despite an agreement on their Rule 12 briefing schedule,[1] the parties remain at odds on several other important matters that now necessitate the Court's involvement.

*First*, Plaintiff and Defendant Johnson remain at an impasse regarding Plaintiff's requested forensic discovery of Johnson's external Seagate hard drive device (hereinafter the "Johnson Device") that Johnson used to misappropriate highly sensitive, confidential and proprietary CCFW documents, work product, communications and/or trade secrets (collectively, the "Misappropriated Materials") from her company-issued the laptop. Plaintiff and Jonhson have fully briefed this issue by way of their respective letters to the Court dated September 13, 17 and 20 (*see* Dkt. Nos. 96-98) and, therefore, this issue is ripe for determination by this Court. In short, Defendant Johnson should be ordered to immediately return CCFW's Misappropriated Materials to it—just as she eventually had been ordered to return CCFW's company-owned laptop to it (which led CCFW to discover that Defendant Johnson had transferred/misappropriated CCFW's Misappropriated Materials to the Johnson Device).

*Second*, the parties disagree regarding the current status of discovery. As noted above, this Court reactivated certain third-party subpoenas served by CCFW. PharmaEssentia Corp. ("PEC"), who was previously served a third-party subpoena, is now a defendant and has refused to complete its document production in response to that subpoena, suggesting that such discovery is premature without a second Rule 26(f) conference involving all new parties. On the other hand, Defendant Johnson and Defendant PVI have taken a different tact, sending a non-party subpoena this week to CCFW's bank. In view of these disagreements concerning the right to conduct ongoing discovery, and because the Court had previously advised that it would address a new discovery schedule after a decision on Plaintiff's motion to amend its pleadings, which is now moot, Plaintiff

---

[1] Note that new Defendant Matthew Ornelas-Kuh ("Kuh") has not yet been served with the Second Amended Complaint despite Plaintiff's ongoing and diligent efforts to effect service. Kuh is, therefore, not a part of the current proposed schedule as drafted.

The Honorable Tonianne J. Bongiovanni
October 31, 2024

respectfully requests that a conference be scheduled promptly. Indeed, and at the Court's discretion, the requested status conference can duly serve as a new or updated Rule 16 conference. (An Initial Conference was originally held on December 27, 2022. *See* Dkt. No. 37).

We thank the Court for its time and consideration and look forward to addressing these issues and any other that the Court wishes to raise.

                                                   Respectfully submitted,

                                                   */s/ Steven I. Adler*
                                                   Steven I. Adler, Esq.

cc:   Amy Luria, Esq. (via CM/ECF)
      Daniel Slarskey, Esq. (via CM/ECF)
      Kimberly Grinberg, Esq. (via CM/ECF)
      William O'Connor, Jr., Esq. (via CM/ECF)
      Samuel Lonergan, Esq. (via CM/ECF)
      Nicole Gueron, Esq. (via CM/ECF)
      Todd Nosher, Esq. (via CM/ECF)