**MANDELBAUM BARRETT**

**Steven I. Adler, Esq.**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
d: 973.243.7930
f: 973.325.7467

November 11, 2024

**VIA CM/ECF**

The Honorable Tonianne J. Bongiovanni
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Room 2020
Trenton, New Jersey 08608

Re:   *CC Ford Group West, LLC v. Johnson et al.*; Civil Action No. 3:22-cv-04143
      **Opposition to Qral's Motion to Quash**

Dear Judge Bongiovanni:

This firm represents Plaintiff CC Ford Group West, LLC ("Plaintiff" or "CC Ford") and Counterclaim Defendant John Studdiford ("Studdiford") in the above-captioned matter. We write on behalf of CC Ford in opposition to third-party Qral Group LLC's ("Qral") November 5, 2024, Letter Motion seeking to quash CC Ford's Rule 45 subpoena to Qral ("Motion to Quash") (Dkt. No. 106).

As a threshold matter, we note that Qral fails to reference and apply the appropriate standard for a motion to quash—and relies on several bases that do not qualify for the requested relief.

Federal Rule of Civil Procedure 45(d)(3)(A) states that a Court may quash or modify a subpoena only if it is demonstrated upon timely motion that the subpoena: (i) fails to allow reasonable time for compliance; (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides; (iii) requires disclosure of privileged information or other protected matter or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A); *see also., Toole v. Cordovani*, No. CIV.A. 13-6720 AET, 2014 WL 132002, at *1 (D.N.J. Jan. 10, 2014); *Patrick v. Equifax Info. Servs., LLC*, No. CV 23-4092 (CPO)(EAP), 2024 WL 4404187, at *3 (D.N.J. Oct. 3, 2024).

To be clear, a party looking to quash a subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, at *3 (D.N.J. Sept. 30, 2019). A movant must <u>also</u> demonstrate that the subpoena is "<u>unreasonable and oppressive</u>." *Patrick v. Equifax Info. Servs., LLC*, No. CV 23-4092

(CPO)(EAP), 2024 WL 4404187, at *3 (D.N.J. Oct. 3, 2024) (emphasis added). Courts in this district have described this burden as "heavy." *Strike 3 Holdings*, 2019 WL 4745360, at *3.

Only after the movant meets this heavy burden, will the Court look to balance the subpoenaing party's interest in disclosure against the subpoenaed party's interest in non-disclosure to determine whether the burden on the nonparty is undue. Specifically, this balancing test requires the court to weigh the (1) relevance; (2) need; (3) confidentiality of the requested materials; and (4) harm that compliance would cause the subpoenaed nonparty. *See, e.g., Toole v. Cordovani*, No. CIV.A. 13-6720 AET, 2014 WL 132002, at *1 (D.N.J. Jan. 10, 2014); *Patrick v. Equifax Info. Servs., LLC*, No. CV 23-4092 (CPO)(EAP), 2024 WL 4404187, at *3 (D.N.J. Oct. 3, 2024).[1]

Qral's Motion fails to address and apply these applicable standards and should be dismissed for this reason alone. Moreover, and as discussed *infra*, Qral simply parrots the false statements set forth in PharmaEssentia's November 4, 2024 letter to the Court.

CC Ford addresses each of Qral's arguments in order below.

### A. **The Qral Subpoena is Not Premature or Untimely.**

Although not a basis to quash the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A), Qral nonetheless argues that the Qral subpoena is "untimely" and "premature." *See* Qral Motion to Quash at 1-2. In making this argument, Qral echoes several false statements made by PharmaEssentia in its November 4, 2024 letter to the Court.

Qral first incorrectly states that "fact discovery in this action closed on January 29, 2024." *See* Qral Motion at 1-2. But as this Court is aware, discovery is not closed. *See, e.g.*, June 17, 2024, Text Order ("The non-party subpoenas will be reactivated…Additionally, the parties will discuss discovery issues. The discovery schedule will be addressed after a decision on the motion to amend is rendered."); September 11, 2024, Text Order ("the Court hereby reopens the matter."). Indeed, other Defendants in this action are pressing forward with their own discovery demands of Plaintiff. CC Ford cannot be expected to play by two different sets of discovery rules and schedules.

Likewise, the Qral subpoena is not premature. Here, Qral argues that the subpoena is premature because "it seeks documents in Qral's possession concerning defendants like PharmaEssentia who are either in the process of briefing motions to dismiss the Second Amended Complaint ("SAC") or have yet to appear in this action, and about whom a Rule 26 conference has yet to occur." Qral Motion at 4.

All of these arguments fail.

*First*, "it is well settled that the mere filing of a dispositive motion does not constitute good cause for the issuance of a discovery stay." *Gerald Chamales Corp. v. Oki Date Americas*, Inc., 247

---

[1] Qral's Motion does not address these requisite factors. CC Ford reserves all rights to address such factors as needed, but it deems any argument on such factors as being waived by Qral for not being included in Qral's moving letter.

The Honorable Tonianne J. Bongiovanni
November 11, 2024

F.R.D. 453, 454 (D.N.J.2007) (emphasis added) (internal citations omitted); *see also Venson v. Pro Custom Solar LLC*, No. CV1919227ESMAH, 2022 WL 4596725, at *9 (D.N.J. Sept. 30, 2022); *Novartis Pharms. Corp. v. Remedyone*, No. CV 23-04981-CCC-AME, 2024 WL 1907394, at *2 (D.N.J. Jan. 26, 2024) ("the pendency of the motion to dismiss alone cannot establish the required good cause for a stay of discovery"). Therefore, any forthcoming motion to dismiss cannot serve as a basis to quash the Qral subpoena.

*Second*, as PharmaEssentia readily concedes in its November 4, 2024, Letter, a second Rule 26(f) conference is not required here. *See, e.g*., PharmaEssentia Letter at 4 ("Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment [states] "If more parties are joined or appear after the initial meeting, an additional meeting may be desirable.") (emphasis added).

Perhaps not recognizing that a Rule 26(f) conference has already taken place in this action, Qral incorrectly states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," and "[n]o court order has been issued allowing Plaintiff to serve the Qral Subpoena." Qral Motion at 2.  But such conference was indeed held in January 2023. (Dkt. No. 37).

Once again, discovery is open and third-party subpoenas are permitted to be served in this case. with several have already served and Your Honor explicitly reactivating certain Rule 45 subpoenas.  Accordingly, Qral's timing arguments fail on the merits.

### B. The Qral Subpoena is Neither Overly Broad Nor Burdensome.

General assertions, like those by Qral here, are insufficient to show undue burden. *Adesanya v. Novartis Pharms. Corp*, 2015 WL 7574362, at *1 (D.N.J. Nov. 24, 2015) (denying motion to quash and holding that movant "has not presented the court with any certified facts, let alone sufficient facts from which to draw a conclusion as to the basis for her motion to quash and has only submitted vague legal conclusions."); *see also Equal Emp. Opportunity Comm'n v. Sirdah Enterprises, Inc.*, No. 113CV03657RWSRGV, 2015 WL 12630686, at *5 (N.D. Ga. Feb. 25, 2015) ("bare allegations of hardship and undue burden advanced by defendant and the non-parties, absent a specific showing, are insufficient to satisfy their burden for quashing the subpoenas on this basis."); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ., 2009 WL 455428, at *3 (S.D. Fla. Feb. 23, 2009).

Determining whether a subpoena imposes an undue burden "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it," which "calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299-300 (S.D.N.Y. 2009) (quoting 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). To demonstrate an undue burden, a movant must "set forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Shaw v. Arena*, No. 17-MC-0448 (AJN), 2018 WL 324896, at *2 (S.D.N.Y. Jan. 3, 2018).

The Honorable Tonianne J. Bongiovanni
November 11, 2024

Qral's Motion completely fails in this regard. Indeed, Qral's arguments on alleged undue burden are reduced to two short paragraphs that say nothing about the manner and extent of the burden and the probable negative consequences of compliance.

To be clear, the subpoena is not overly broad and only seeks documents relevant to this action in both time and scope. And the subpoena seeks documents that are not ostensibly in the possession of any party—or at the very least have not been produced despite long standing party discovery requests.

### C. Qral's Request for Sanctions is Baseless

Lastly Qral—citing no authority or rules in its support—baselessly requests that "Plaintiff be sanction with costs and attorneys' fees." Qral Motion at 3. Specifically, Qral argues that it previously requested that Plaintiff "withdraw its subpoena and reissue one when timely and with specific requests for specific documents." *Id*.

But the Qral subpoena is timely. Qral is incorrect that fact discovery is closed. And Qral cannot hide behind a potential motion to dismiss to circumvent Rule 45 compliance. If anything, sanctions are appropriate in view of a frivolous motion to quash that comes nowhere close to meeting the requisite threshold under controlling law.

For these reasons, Qral's motion should be, respectfully, denied. We thank the Court for its time and attention.

                                        Respectfully submitted,

                                        */s/ Steven I. Adler*
                                        Steven I. Adler, Esq.

cc  Amy Luria, Esq.
     Daniel Slarskey, Esq.
     Kimberly Grinberg, Esq.
     William O'Connor, Jr., Esq.
     Samuel Lonergan, Esq.
     Nicole Gueron, Esq.
     Andrew Bell, Esq.
     (All via CM/ECF)

4866-1849-5479, v. 1