UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CC FORD GROUP WEST, LLC,

                      Plaintiff,

              v.

JENNIFER JOHNSON, CARRIE BICKING,
BETH WEILER, PROJECT VELOCITY, INC.,
PROJECT VELOCITY PARTNERS, LLC,
MEREDITH MANNING, PHARMAESSENTIA
USA CORP., MATTHEW ORNELAS-KUH, and
JOHN DOES 1-10,

                      Defendants,

              v.

JOHN STUDDIFORD,

                      Counterclaim-Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 3:22-cv-04143

**Oral Argument Requested**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS JENNIFER JOHNSON, PROJECT VELOCITY INC., AND PROJECT VELOCITY PARTNERS, LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iv

ARGUMENT ............................................................................................................................. 1

I.    The SAC Should Be Dismissed or Stricken for Violating Rule 8 ..................................... 2

II.    Plaintiff's Claims are Legally Insufficient and Should Be Dismissed ............................. 3

      A. Plaintiff Fails to State a Contract Claim ........................................................................3

      B. Plaintiff Fails to State a Tort Claim ................................................................................4

      C. Plaintiff Fails to State a RICO Claim ...........................................................................10

      D. Plaintiff Fails to State a Claim under CFAA or NJCROA ..........................................11

III.    Plaintiff's Brief Should Be Stricken as Overlong ............................................................ 11

CONCLUSION ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*1899 Holdings, LLC v. 1899 Ltd. Liab. Co.*,
568 F. App'x 219 (4th Cir. 2014) .................................................................................... 4

*Abramson v. Affinity Fed. Credit Union*,
2021 WL 3885325 (D.N.J. Aug. 31, 2021) ..................................................................... 3

*Accounteks.Net, Inc. v. CKR L., LLP*,
475 N.J. Super. 493 (N.J. Super. Ct. App. Div. 2023) .................................................... 7

*ADP, LLC v. Kusins*,
460 N.J. Super. 368 (N.J. Super. Ct. App. Div. 2019) .................................................... 9

*Am. Satellite Co. v. United States*,
20 Cl. Ct. 710 (1990) ....................................................................................................... 3

*Apparel Business Systems, LLC v. Tom James Co,*.
2008 WL 858754 (E.D. Pa. Mar. 28, 2008) ..................................................................... 8

*Austar Int'l Ltd. v. AustarPharma LLC*,
425 F. Supp. 3d 336 (D.N.J. 2019) .................................................................................. 5

*B&B Microscopes v. Armogida*,
532 F.Supp.2d 744 (W.D. Pa. 2007) .............................................................................. 11

*Belanger v. BNY Mellon Asset Mgmt., LLC*,
307 F.R.D. 55 (D. Mass. 2015) ........................................................................................ 2

*Beta Pharma, Inc. v. InventisBio (Shanghai) Co.*,
2022 WL 17547265, at *3 (D.N.J. Dec. 8, 2022) ............................................................ 5

*Bimbo Bakeries USA, Inc. v. Botticella*,
613 F.3d 102 (3d Cir. 2010) ............................................................................................ 5

*Cameco, Inc. v. Gedicke*,
157 N.J. 504 (1999) ......................................................................................................... 7

*Capaldi v. BJ's Wholesale Club, Inc.*,
2020 WL 2569965 (D.N.J. May 21, 2020) .................................................................... 12

*Chen v. Wang*,
2023 WL 3182264 (D.N.J. Apr. 30, 2023) ...................................................................... 9

*Comprehensive Med. Commc'ns, Inc. v. Pinnacle Commc'ns Grp.*,
2005 WL 280452 (Super. Ct. N.J. App. Div. Jan. 31, 2005) .......................................... 6

*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3d Cir. 2016) ............................................................................................ 1

*Dando v. Bimbo Food Bakeries Distrib., LLC*,
2016 WL 475262 (D.N.J. Feb. 8, 2016) .......................................................................... 7

*Doe v. Princeton Univ.*,
30 F.4th 335, 345 (3d Cir. 2022) ..................................................................................... 4

*Duran v. Equifirst Corp.*,
  2010 WL 936199 (D.N.J. Mar. 12, 2010) .................................................................. 8

*Forman Indus., Inc. v. Blake-Ward*,
  2008 WL 4191155 (Super. Ct. N.J. App. Div. Sept. 15, 2008) .................................. 6

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ..................................................................................... 1

*Garrett v. Wexford Health*,
  938 F.3d 69 (3d Cir. 2019) ....................................................................................... 2

*Givaudan Fragrances Corp. v. Krivda*,
  2013 WL 5781183 (D.N.J. Oct. 25, 2013) ............................................................... 4

*Gujja v. Inpatient Services. of New Jersey, P.C.*,
  2022 WL 2834998 (D.N.J. July 20, 2022) ............................................................... 9

*Hurley v. Atl. City Pol. Dep't*,
  1995 WL 854478 (D.N.J. Aug. 4, 1995). .................................................................. 6

*IDT Corp. v. Unlimited Recharge, Inc.*,
  2012 WL 4050298 (D.N.J. Sept. 13, 2012) .............................................................. 5

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d. Cir. 1997) .................................................................................. 1

*In re Nickelodeon Consumer Privacy Litigation,*
  827 F.3d 262 (3d Cir. 2016) ................................................................................... 11

*In re Westinghouse Sec. Litig.*,
  90 F.3d 696 (3d Cir. 1996) ....................................................................................... 2

*Irene Family Tr. v. Christiana Tr.*,
  2024 WL 4263309 (D.N.J., Sept. 23, 2024) ........................................................... 10

*Jay v. Oak Knoll Vil. Condo. Owners Assn., Inc.*,
  751 F. App'x 293 (3d Cir. 2018) ............................................................................ 10

*Juice Entm't, LLC v. Live Nation Entm't, Inc.*,
  2012 WL 2576284 (D.N.J. July 3, 2012) ................................................................. 6

*Kadonsky v. Abu Ahsan*,
  2017 WL 3427975 (D.N.J. Aug. 9, 2017) .............................................................. 11

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1993) ......................................................................................... 4

*Lamorte Burns & Co. v. Walters*,
  167 N.J. 285 (2001) .............................................................................................. 6, 7

*Leisure Pass N. Am., LLC v. Leisure Pass Grp.*,
  2013 WL 4517841 (D.N.J. Aug. 23, 2013) .............................................................. 8

*Liddell v. N.J. Dep't of Corrections*,
  2015 WL 6163981 (D.N.J. Oct. 19, 2015) ............................................................. 12

*Lindell v. Houser*,
   442 F.3d 1033 (7th Cir. 2006) ................................................................................................ 2

*LVRC Holdings v. Brekka*,
   581 F.3d 1127 (9th Cir. 2009), .............................................................................................. 11

*Mann v. Boatright*,
   477 F.3d 1140 (10th Cir. 2007) .............................................................................................. 2

*Mobley v. Wetzel*,
   2015 WL 1511896 (M.D. Pa. Mar. 31, 2015) ........................................................................ 2

*Parker v. Learn the Skills Corp.*,
   2004 WL 2384993 (E.D. Pa. Oct 25, 2004) .......................................................................... 2

*Printing Mart-Morristown v. Sharp Elecs. Corp.*,
   563 A.2d 31 (N.J. 1989) .......................................................................................................... 6

*Rodgers Group LLC v. Lewis*,
   2022 WL 4095785 (D.NJ. Sept. 7, 2022) ......................................................................... 5, 11

*SAT Agiyar, LLC v. 7-Eleven, Inc.*,
   2021 WL 5205941 (D.N.J. Nov. 8, 2021) ............................................................................. 3

*SMP Props., LLC v. Encore Realty, LLC*,
   2023 WL 9002658 (D.N.J. Dec. 28, 2023) ........................................................................... 8

*Snow & Ice Mgnt. Co. of PA, Inc. v. Tryko Partners LLC*,
   2023 WL 4551689 (D.N.J. July 14, 2023) .......................................................................... 10

*Stenograph, L.L.C. v. Sims*,
   2000 WL 964748 (E.D. Pa. July 12, 2000) ........................................................................... 8

*Sussex Commons Outlets, L.L.C. v. Chelsea Prop. Grp.*,
   2010 WL 3772543 (N.J. Super. Ct. App. Div. Sept. 23, 2010) ............................................. 6

*Thomas v. Keough*,
   2024 WL 414041 (D.N.J. Feb. 5, 2024) ............................................................................... 8

**RULES**

5 Wright & Miller § 1217 ............................................................................................................. 2

Local Civ. Rule 7.2(b) ................................................................................................................ 11

Federal Rules of Civil Procedure Rule 8 ............................................................................. *passim*

Federal Rules of Civil Procedure Rule 9(b) ............................................................................... 10

The PVI Defendants[1] submit this Reply in support of their Motion to Dismiss ("Motion").

In its opposition, CCFW fails to provide necessary clarity, instead relying on the sprawling SAC to obscure its pleading failures. Rather than articulating coherent claims, CCFW burdens the Court and Defendants with dense, conclusory allegations, pages-long bulleted lists of purported evidence, and a refusal to define its theories, suggesting that instead it be "sorted out in discovery." (Pl. Br. 15). CCFW argues that Defendants' description of the SAC as both prolix and insufficient is inconsistent (*id*. 16 n.8), but its sheer size (and volume) cannot substitute for substance.

This case arises from Ms. Johnson's resignation from CCFW and her lawful establishment of a competing business. It is not a RICO conspiracy and does not involve computer hacking or the theft of trade secrets. The Court has already questioned the applicability of the key non-compete agreement in denying CCFW's TRO application. After multiple iterations of its complaint and two years of discovery, CCFW's prolix, invective-filled SAC still fails to state plausible claims. The SAC should be dismissed.

## **ARGUMENT**

Plaintiff relies on the deference due on a Rule 12(b)(6) motion. (Pl. Br. 9-12.) Plaintiff ignores that it must plead *plausibility*—"more than the mere possibility of relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This "context-specific task" requires the Court to "draw on its judicial experience and common sense." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "'[B]ald assertions' or 'legal conclusions' need not be accepted as true." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d. Cir. 1997).

---

[1] Defined terms retain the meanings assigned in the PVI Defendants' opening brief (ECF No. 118-1) ("D. Br."). References to "Pl. Br." are to Plaintiff's opposition (ECF No. 124).

**I.     The SAC Should Be Dismissed or Stricken for Violating Rule 8**

The SAC should be dismissed for failure to comply with Rule 8. "A lengthy complaint . . . can generally be dismissed for violating Rule 8 if it is also so rambling, unclear, or complicated so as to defy response." *Mobley v. Wetzel*, 2015 WL 1511896, at *3 (M.D. Pa. Mar. 31, 2015). Courts across the country recognize that neither the court nor defendants should have to sift through pleadings "to stitch together cognizable claims." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Lindell v. Houser*, 442 F.3d 1033, 1035 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings"). Here, the SAC is "way too long, detailed, and verbose for either the Court or the Defendants to sort out . . . or evaluate whether the claims are actually supported by any comprehensible factual basis," let alone a plausible one. *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 58 (D. Mass. 2015).

It is not critical that *Westinghouse* dismissed a particular claim with leave to replead consistent with Rule 8. (*See* Pl. Br. 7-8.) In *Westinghouse*, the Third Circuit held that the district court did not abuse its discretion when it dismissed the majority of claims with prejudice, after two amendments and a warning to replead in compliance with Rule 8 that the plaintiff failed to heed. *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996); *see also* 5 Wright & Miller § 1217 at 178 (dismissal with prejudice appropriate where party refuses to file an amended, simplified pleading). Here, as in *Westinghouse*, Plaintiff has had multiple opportunities to plead, yet fails to plead comprehensible claims. And although *Garrett* held that a dismissal with prejudice was an abuse of discretion, that concerned a 15-page complaint that the *pro se* plaintiff had made a "significant effort" to cut down from prior pleadings. Still, the court cited ample authority dismissing pleadings under Rule 8. *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019).

Defendants and the Court are not required to "try to fish a gold coin from a bucket of mud." *Parker v. Learn the Skills Corp.*, 2004 WL 2384993, at *1 (E.D. Pa. Oct 25, 2004). Plaintiff

2

suggests that instead of dismissal with prejudice the Court either strike the SAC or dismiss it with leave to replead. (Pl. Br. 8-9.) Although dismissal with prejudice is in the Court's discretion, should the Court opt to allow Plaintiff yet another bite at the apple, Defendants respectfully suggest that the Court strike the SAC and order Plaintiff to promptly replead consistent with Rule 8.

## II. Plaintiff's Claims are Legally Insufficient and Should Be Dismissed

### A. Plaintiff Fails to State a Contract Claim

Plaintiff repeatedly contends that fact questions preclude dismissing its contract claim. (Pl. Br. 5-6, 11-12.) But, as Plaintiff's cited case recognizes, "interpretation of a contract is a question of law," not fact, and "[t]he court may make an interpretation of a contract as a matter of law while deciding whether to grant defendant's motion." *Am. Satellite Co. v. United States*, 20 Cl. Ct. 710, 713 (1990). *See also, e.g.*, *Abramson v. Affinity Fed. Credit Union*, 2021 WL 3885325, at *5 (D.N.J. Aug. 31, 2021) (Shipp, J.) ("the Court may dismiss a breach of contract claim . . . if the plain language of the contract contradicts or fails to support the plaintiff's allegations") (cleaned up); *SAT Agiyar, LLC v. 7-Eleven, Inc.*, 2021 WL 5205941, at *4 (D.N.J. Nov. 8, 2021) (Shipp, J.) (defendant "cannot breach a contract provision under which it had no obligation to perform").

Although the standard on Plaintiff's TRO application is different from the standard here (Pl. Br. 11), Plaintiff in both instances has failed to identify any applicable contractual provision. Despite having discovery, Plaintiff cites no basis to depart from the Court's conclusions that (1) "plaintiff is not even a party to the 2003 agreement" (despite its belated attempt to assign the contract), (2) "the non-compete/non-solicit obligations under that agreement expired at the latest in 2015," and (3) "the [2022] non-compete restriction only ran from [March] 26, 2022, through July 17, 2022." (ECF No. 31 at 7:25-8:21.) Rather, Plaintiff merely suggests that unspecified "disputed facts" preclude dismissal, and points to a smattering of screen-shotted, out-of-order, scattered, conclusory SAC paragraphs. (Pl. Br. 10-11.)

3

Plaintiff points to ¶ 295—which asserts only that Johnson "intentionally breached" the contracts due to certain alleged conflicts–as alleging *breach*. (Pl. Br. 12.) But the only "conflict" identified in the SAC concerned 2020 (¶ 201), when the agreements were not applicable. Plaintiff includes bullet points that repeat wholesale various SAC paragraphs, purportedly discussing information that Defendants misused. (Pl. Br. 12-13.) Even charitably, those paragraphs allege only that at some unspecified time, Johnson reviewed certain CCFW files on her CCFW-issued laptop (¶¶ 98, 220-221), and (while still employed by CCFW and before entering the 2022 agreements) was sent CCFW information by others. (¶¶ 79, 96-97.) None indicate the PVI Defendants' misuse of any information. If Plaintiff's factual allegations are hidden somewhere else in the SAC, its disorganized pleading underscores Plaintiff's failure to comply with Rule 8.

Plaintiff's cited cases are inapt. *Princeton* discussed the "unique" university-student relationship that is not "in pure contract or associational terms," and considered extrinsic evidence of the parties' intent in light of arguable ambiguity. *Doe v. Princeton Univ.*, 30 F.4th 335, 345, 347 (3d Cir. 2022). No party here suggests the contract terms are ambiguous. *See also 1899 Holdings, LLC v. 1899 Ltd. Liab. Co.*, 568 F. App'x 219, 228 (4th Cir. 2014) (affirming dismissal where no ambiguity in the contract language); *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) (prisoner case with no cognizable contract claim cited only for the (pre-*Iqbal/Twombly*) 12(b)(6) standard).

### B. Plaintiff Fails to State a Tort Claim

<u>Trade Secrets</u>. Although certain of Defendants' cited cases concern summary-judgment motions rather than motions to dismiss (Pl. Br. 14), that does not change the requirement for "a plaintiff in a misappropriation of trade secrets case [to] identify with precision the trade secrets at issue at the outset of the litigation." *Givaudan Fragrances Corp. v. Krivda*, 2013 WL 5781183, at *4 (D.N.J. Oct. 25, 2013). Summary judgment for failure to adduce such proof *supports*, and does not *undermine*, dismissal for failure to plead with precision. These failures cannot just be "sorted

4

out in discovery" (Pl. Br. 15), especially after two years of discovery already.

Plaintiff's cited cases are distinguishable. *IDT* does not include the language Plaintiff attributes to it, but rather addresses whether there is a "heightened pleading [standard] for damages" for a trade-secrets claim, not for identifying specific proprietary information—which the *IDT* plaintiffs did. *IDT Corp. v. Unlimited Recharge, Inc.*, 2012 WL 4050298, at *6-7 (D.N.J. Sept. 13, 2012). Likewise, the trade secrets in *Rodgers Group* were alleged with more specificity than in Plaintiff's SAC. *Rodgers Group LLC v. Lewis,* 2022 WL 4095785, at *3-4 (D.NJ. Sept. 7, 2022). And in *Beta Pharma, Inc. v. InventisBio (Shanghai) Co.*, 2022 WL 17547265, at *3 (D.N.J. Dec. 8, 2022), certain defendants conceded that the plaintiff pled the existence of a trade secret, while for another defendant, the court determined that there were not sufficient facts alleged, even circumstantially, to support a trade secret claim.

Defendants do not "seek[] to narrow the scope of trade secrets" (Pl. Br. 15), but to apply the law to the deficient SAC. Although certain cases that Defendants cited do not expressly concern the DTSA, "the analysis under DTSA folds into that of NJTSA." *Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 355 (D.N.J. 2019). And Plaintiff relies on *Bimbo Bakeries*, which concerns both Pennsylvania's statute and trade secrets alleged with a high degree of specificity absent in the SAC, including the formulas and designs for specific bakery products. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 110-12 (3d Cir. 2010).

<u>Tortious Interference</u>. Plaintiff's tortious interference claims fail for lack of malice (*see* Pl. Br. 18). Also: the SAC does not allege that any third party breached its contract with CCFW, Defendants interfered with any vendor's relationship with CCFW (including Albireo, PEC, Actelion, and Merz (*see* Pl. Br. 20)), or anything beyond proper competition. (*See* D. Br. 18-21.) Whether pleading malice is a "high bar" (Pl. Br. 19) or not, the SAC lacks the requisite elements.

5

Plaintiff's cited cases are inapt. Courts distinguishing *Lamorte Burns & Co. v. Walters*, 167 N.J. 285 (2001), discuss how there, as opposed to here, the defendants staged a "surprise weekend coup," taking the plaintiff's customers while still employed. *Forman Indus., Inc. v. Blake-Ward*, 2008 WL 4191155, at *9 (Super. Ct. N.J. App. Div. Sept. 15, 2008) (affirming dismissal; customer went to competitor "only after Blake-Ward had left"); *Comprehensive Med. Commc'ns, Inc. v. Pinnacle Commc'ns Grp.*, 2005 WL 280452, at *10 (Super. Ct. N.J. App. Div. Jan. 31, 2005) (same). *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31 (N.J. 1989), is unavailing, as "post-*Printing Mart* courts have generally found that the agents of a corporation," while employed, "cannot be liable for malicious interference with another's contractual relations." *Hurley v. Atl. City Pol. Dep't*, 1995 WL 854478, at *14 (D.N.J. Aug. 4, 1995).

Unfair Competition. Plaintiff's reliance on the allegation that Johnson improperly signed Westin contracts as a basis for unfair competition (Pl. Br. 20) is duplicative of its other claims, particularly its fiduciary duty and trade secret claims. Courts dismiss unfair competition claims that rest on the same facts as other claims. *See Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 2012 WL 2576284, at *5 (D.N.J. July 3, 2012) (dismissing unfair competition claim as duplicative of tortious interference); *Sussex Commons Outlets, L.L.C. v. Chelsea Prop. Grp.*, 2010 WL 3772543, at *9-10 (N.J. Super. Ct. App. Div. Sept. 23, 2010) (same). Plaintiff alleges that Johnson exploited her former role at CCFW to divert business to PVI. (Pl. Br. 20-22.) These allegations are the same as for other claims, making unfair competition redundant and warranting dismissal. (*See, e.g.,* SAC ¶¶ 2, 3, 7, 16, 98 (trade secret and misappropriation); 19–20 (breach of fiduciary duty and loyalty), 21, 77 (tortious interference)). Plaintiff is wrong that *Dando* did not conclude that an unfair competition claim was duplicative of tortious interference. The Court expressly recognized that "to the extent Plaintiff claims Defendants engaged in unfair competition, this cause of action is

6

factually duplicative of Plaintiff's tortious interference claim." *Dando v. Bimbo Food Bakeries Distrib., LLC*, 2016 WL 475262, at *4 (D.N.J. Feb. 8, 2016).

Plaintiffs' LinkedIn allegations (*see* Pl. Br. 21) also fail to support unfair competition because maintaining a professional profile that references prior work affiliation is not wrongful or actionable. Plaintiffs cite no authority that such conduct supports an unfair competition claim. And Plaintiff's claim also fails because it concerns lawful competitive conduct. *See Accounteks.Net, Inc. v. CKR L., LLP*, 475 N.J. Super. 493, 505 (N.J. Super. Ct. App. Div. 2023) ("the employee may use [knowledge and skill from prior work] in any business or profession [they] may choose, including a competitive business with [their] former employer").

<u>Breach of Fiduciary Duty/Undivided Loyalty/Faithless Servant</u>. First, Plaintiff asserts that Johnson owed fiduciary duties as a function of contracts that, as discussed, did not apply. (*See* Pl. Br. 22; D. Br. 22.) Again, interpreting those contracts raises legal, not fact, issues. The duty-of-loyalty claim, to the extent based on those contracts, may be dismissed as a matter of law. Even if the claim does not rely on the contracts, the claim that Johnson breached her duties by preparing to compete before she left CCFW concerns lawful conduct and should be dismissed. Plaintiff does not allege that Johnson competed with CCFW while still employed. Johnson resigned before forming PVI (¶¶ 75-76), and actions like researching business opportunities were proper preparations. *See Lamorte Burns & Co. v. Walters*, 167 N.J. at 303 ("an employee has the right to make preparations to start a competing business"); *Cameco, Inc. v. Gedicke*, 157 N.J. 504, 517 (1999) (requiring egregious misconduct while employed to constitute loyalty breach).

Second, Plaintiff does not dispute that New Jersey does not recognize faithless-servant or undivided-loyalty claims separate from duty-of-loyalty claims. Those claims should be dismissed. Plaintiff has also abandoned the claims by failing to substantively defend them in its opposition

7

brief. (Pl. Br. 22-23.) *See, e.g.*, *Leisure Pass N. Am., LLC v. Leisure Pass Grp.*, 2013 WL 4517841, at *4 (D.N.J. Aug. 23, 2013) (claims not addressed in opposition abandoned and dismissed); *Duran v. Equifirst Corp.*, 2010 WL 936199, at *3 (D.N.J. Mar. 12, 2010) ("absence of argument constitutes waiver [of] the issue . . . and that waives the individual counts themselves").

Trespass to Chattel/Conversion. Plaintiff does not dispute that its trespass to chattel/conversion claim requires that "the owner is deprived of the use" of specific property. *See Thomas v. Keough*, 2024 WL 414041, at *23 (D.N.J. Feb. 5, 2024) (collecting authorities). But Plaintiff does not allege such deprivation of the keys, credit card, or laptop. The issue is not "remediation" (Pl. Br. 23), but the affirmative elements of the claim. Further, Plaintiff fails to allege that it had a "right to immediate possession" of the properties at issue, as required. *SMP Props., LLC v. Encore Realty, LLC*, 2023 WL 9002658, at *3 (D.N.J. Dec. 28, 2023) (Shipp, J.). The temporary retention of a company-issued device, without allegations of damage or interference with its intended use, is insufficient to sustain a claim for conversion or trespass to chattel.

Plaintiff does not dispute that its claim cannot be based on intangible property such as confidential information or trade secrets. *See Thomas*, 2024 WL 414041, at *23. (*See* D. Br. 23.) Plaintiff argues that Johnson's temporary retention of a CCFW-issued laptop was conversion because the laptop, a physical object, contained CCFW information. (Pl. Br. 23-24.) Plaintiff relies on *Apparel Business Systems, LLC v. Tom James Co,*. 2008 WL 858754, at *19 (E.D. Pa. Mar. 28, 2008), which dismissed conversion claims under Pennsylvania law, and which distinguishes *Stenograph, L.L.C. v. Sims*, 2000 WL 964748, at *3 (E.D. Pa. July 12, 2000), where defendant had retained a physical key without which the plaintiff could not access information on a computer. In *Apparel*, however, the plaintiff was at all times able to access the information stored on the laptop, and dismissal was appropriate because the plaintiff was not deprived of access to its files.

8

Plaintiff's claim here fails for the same reason.

<u>Unjust Enrichment</u>. Plaintiff's unjust-enrichment claim should be dismissed. Unjust enrichment requires a benefit, at the plaintiff's expense, that would be unjust for the defendant to retain. *Chen v. Wang*, 2023 WL 3182264, at *10 (D.N.J. Apr. 30, 2023) (Shipp, J.). But Plaintiff fails to allege that Johnson was "enriched" unjustly, as opposed to receiving compensation and information she was due under her employment and consulting agreements. (*See* D. Br. 24.)

Plaintiff's reliance on *Gujja v. Inpatient Services. of New Jersey, P.C.*, 2022 WL 2834998 (D.N.J. July 20, 2022), is misplaced. The *Gujja* court dismissed the unjust enrichment claim as duplicative of a contract claim that arose from the same conduct. *Id.* at *2. Here, Johnson's compensation, access to information, and benefits were governed by her employment and consulting agreements. (*See* ¶¶ 212, 296.) This direct overlap forecloses an unjust enrichment claim. Plaintiff attempts to distinguish *Gujja* by arguing that Johnson's alleged misconduct extends beyond her contractual entitlements. (P. Br. 32.) But Plaintiff does not dispute that Johnson was properly paid her salary and other benefits during her employment and consulting periods, nor allege that these payments were made in error. Unjust enrichment does not lie if the benefit received is intrinsic to the contract. *Gujja*, 2022 WL 2834998 at *2-3.

Moreover, Plaintiff argues that Johnson was unjustly enriched because she learned information such as CCFW's clients and vendors during her employment. (Pl. Br. 25-26.) But the "knowledge, skill, expertise, and information acquired by an employee during his employment become part of the employee's person," and the employee may "use those skills in any business or profession he may choose, including a competitive business with his former employer." *ADP, LLC v. Kusins*, 460 N.J. Super. 368, 401 (N.J. Super. Ct. App. Div. 2019). Plaintiff also does not identify any allegedly proprietary information that Johnson retained separate from that underlying

9

the trade secret claims, additionally warranting dismissal of this claim as duplicative.

### C. Plaintiff Fails to State a RICO Claim

Civil RICO and fraud claims are subject to extra scrutiny both because they "implicate the heightened pleading standard of Rule 9(b) and because the RICO statute itself requires specificity, particularly in light of the heavy penalties imposed upon an unsuccessful RICO defendant." *Jay v. Oak Knoll Vil. Condo. Owners Assn., Inc.*, 2016 WL 7013468, at *14 (D.N.J. Nov. 30, 2016), *aff'd*, 751 F. App'x 293 (3d Cir. 2018). Plaintiff does not refute the cases indicating that this Court, in particular, routinely applies a "plausibility" standard, "decline[s] to construe breach of contract claims as RICO violations," and dismisses cases predicated on "the same conduct underlying [a party's] fraud" or other claims. (D. Br. 24-25 (citing *Irene Family Tr. v. Christiana Tr.*, 2024 WL 4263309 at *7 (D.N.J., Sept. 23, 2024) (Shipp, J.); *Snow & Ice Mgnt. Co. of PA, Inc. v. Tryko Partners LLC*, 2023 WL 4551689, at *3 (D.N.J. July 14, 2023) (Shipp, J.)).

Plaintiff's description of the purported RICO conspiracy requires the proverbial tinfoil hat to understand: the purported scheme was "for PVI, Johnson, Bicking, and Weiler to perform the work as if Johnson, Bicking and Weiler were acting in their roles at CCFW," while Manning "pressure[d] various PEC employees to send additional PEC work to them at CCFW, all the while giving those PEC employees the mistaken impression that the work would be performed by . . . CCFW." (Pl. Br. 28.) This theory is baseless and implausible. It is obvious why a Plaintiff like CCFW desperately struggles to "construe its breach of contract claims" and related claims (if they exist) as RICO violations: to tar Defendants as putative RICO conspirators, and to hold the prospect of harsh RICO penalties over Defendants' heads. The heightened standards of RICO exist precisely to *avoid* the artful pleading (and bullying) in which Plaintiff is engaged.

Plaintiff also apparently concedes that its "fraud" claim against PVP and Ornelas-Kuh is duplicative of its (deficient) trade secrets claim. (Pl. Br. 35-36.) Because Plaintiff does not plead

any fraudulent conduct by PVP, much less with specificity, that claim should be dismissed.

### D. Plaintiff Fails to State a Claim under CFAA or NJCROA

Defendants seek dismissal of the hacking claims because (i) CCFW does not allege any damage to its systems, and (ii) Defendants were *authorized* to access the systems. (D. Br. 27-28.)

In opposition, CCFW relies on case law that *is directly contrary to the conclusion it advocates*. (Pl. Br. 33-35.) *LVRC Holdings v. Brekka*, 581 F.3d 1127, 1129 (9th Cir. 2009), relied upon by CCFW, affirmed *dismissal* of a CFAA claim "[b]ecause [Defendant] was authorized to use [Plaintiff's] computers while he was employed," and taking documents that were on those computers did not "'exceed authorized access,' because [defendant] was entitled to obtain those documents." *Id.* Likewise, *B&B Microscopes v. Armogida*, 532 F.Supp.2d 744 (W.D. Pa. 2007), *rejected* analogous arguments to CCFW's here because there was no damage alleged to the system.

CCFW also argues that New Jersey's NJCROA is broader than the federal CFAA. (Pl. Br. 35.) Plaintiff misleadingly cites *In re Nickelodeon Consumer Privacy Litigation,* 827 F.3d 262 (3d Cir. 2016) and *Rodgers Group*, 2022 WL 4095875 (Shipp, J.). In *Nickelodeon*, the "plaintiffs . . . pointed to no authority indicating that federal and state courts understand the two laws differently," 827 F.3d at 278, and in *Rodgers Group*, this Court dismissed the NJCROA claim for the same reasons that Defendants have argued here: "the Complaint provides no facts to suggest that Defendants damaged or impaired the computer systems as a result of their conduct," *Rodgers Group,* 2022 WL 4095785, at *7. The CFAA and NJCROA claims should be dismissed.

### III. Plaintiff's Brief Should Be Stricken as Overlong

Plaintiff's 36-page opposition brief may also be stricken as overlong, in violation of Local Civil Rule 7.2's limit of 30 pages for briefs filed in a 12-point proportional font. L. Civ. R. 7.2(b); *see, e.g.*, *Kadonsky v. Abu Ahsan*, 2017 WL 3427975, at *1 (D.N.J. Aug. 9, 2017) (Shipp, J.) (dismissing motion without prejudice for overlong brief). Although "[b]riefs of greater length will

only be accepted if special permission of the Judge is obtained," *id.*, Plaintiff did not seek or receive permission. *See also Capaldi v. BJ's Wholesale Club, Inc.*, 2020 WL 2569965, at *2-3 (D.N.J. May 21, 2020) ("Courts may disregard or strike overlength briefs"; requiring party to "reconsider its arguments and shorten them to a length permissible"); *Liddell v. N.J. Dep't of Corrections*, 2015 WL 6163981, at *4 n.2 (D.N.J. Oct. 19, 2015) ("This Court will consider Plaintiff's over-length brief because of his pro se status, but Plaintiff is warned against repeating such conduct").

## **CONCLUSION**

The claims against the PVI Defendants should be dismissed.

Dated: December 19, 2024
Roseland, NJ

| CRITCHLEY & LURIA, LLC | SLARSKEY LLC |
|---|---|
| /s/ Amy Luria<br>Amy Luria<br>75 Livingston Ave., Suite 303<br>Roseland, NJ 07068<br>(973) 422-9200 | David Slarskey (pro hac vice)<br>Adam Hollander (pro hac vice)<br>Kimberly Grinberg (pro hac vice)<br>767 Third Avenue, 14th Floor<br>New York, NY 10017<br><br>*Counsel to Defendants Jennifer Johnson, Project Velocity Inc. and Project Velocity Partners, LLC* |

12