MANDELBAUM BARRETT

**Steven I. Adler, Esq.**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
d:  973.243.7930
f: 973.325.7467

January 15, 2025

**VIA CM/ECF**

The Honorable Tonianne J. Bongiovanni
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

**Re:**  *CC Ford Group West, LLC v. Johnson et al.*; **Civil Action No. 3:22-cv-04143**
      **Plaintiff's Pre-Status Conference Letter to the Court**

Dear Judge Bongiovanni:

This firm represents Plaintiff CC Ford Group West, LLC ("Plaintiff" or "CCFW") and Counterclaim Defendant John Studdiford ("Studdiford") in the above-captioned matter. As Plaintiff, and the party who previously requested a conference (Dkt. No. 102), we write in advance of the Court's Status Conference scheduled for January 16, 2025 (Dkt. No. 132) to help identify and organize the pending issues and disputes that are relevant for discussion. We begin with a short summary of the procedural posture of the case, followed by a list of disputes currently pending before Your Honor.

**Procedural Posture**

Plaintiff filed its Second Amended Complaint ("SAC") on September 6, 2024, which, *inter alia*, added new parties and claims to the Action. Dkt. No. 92. Defendants Jennifer Johnson ("Johnson"), Project Velocity Inc. ("PVI"), Project Velocity Partners, LLC ("PVP"), PharmaEssentia USA Corp. ("PEC") and Meredith Manning ("Manning") filed motions to dismiss the SAC on November 18, 2024, with Defendants Carrie Bicking ("Bicking") and Beth Weiler ("Weiler") joining one of those motions by way of letter. *See* Dkt. Nos. 115, 116, 118 and 119. Defendants' motions to dismiss are fully briefed and pending before the Court. Those motions now join Plaintiff's pending motion to dismiss select counterclaims of Defendants Johnson and PVI filed December 5, 2022. Dkt. No. 33.

Upon completion of the Parties' briefing on Defendants' motions to dismiss the SAC, the Court issued a Text Order stating that the "discovery and the pending discovery issues (Docket Entry Nos. 96 - 98, 102-103, 105-106 and 108-110) are stayed pending the Court's decision on Defendants' Motions to Dismiss (Docket Entry Nos. 115, 116, 118 and 119). However, discovery, including third-party discovery, may proceed if the parties consent to same." Dkt. No. 120. The Court then scheduled this week's Status Conference by Order dated January 6, 2025. Dkt. No. 132.

January 15, 2025
Page 2

**Issues and Disputes Relevant for Discussion at the Status Conference**

The following issues and disputes remain unresolved and are ripe for discussion subject to the Court's agreement and preference. The relevant Parties have previously conferred on each of the following issues and, in most cases, have briefed the Court on their respective positions as cited *infra*.

1. **Status of Discovery**

The Parties disagree as to whether Discovery should once again proceed while the Court decides Defendants' Motions to Dismiss the SAC. This holds true for both party and non-party discovery. Plaintiff believes it should. Dkt. No. 102. Defendants Johnson, PVI and PVP apparently do so as well. Defendants PEC and Manning do not.

Letter briefs addressing this issue can be found at Dkt. Nos. 102-103, 105-106, 108-110 and 112.

2. **Plaintiff's Requested Inspection and Discovery of the Johnson External Drive**

Despite pursuing certain purported discovery deficiencies of Plaintiff, Defendant Johnson continues to reject Plaintiff's requested inspection and discovery of Johnson's external Seagate device (hereinafter, the "Johnson Device"), a request Plaintiff originally made in August 2023, which sought to inspect and forensically image that device.

As stated in its letter briefs to the Court, Plaintiff is entitled to inspect and take a forensic image of this lone device to secure further proof that Defendant Johnson surreptitiously stole highly sensitive, confidential and proprietary CCFW documents, work product, communications, and trade secrets (collectively, the "Misappropriated Materials") from her CCFW-issued and CCFW-owned laptop ("Laptop"). Johnson impermissibly retained that Laptop through at least the end of September 2022, beyond her employment and consulting at CCFW, until she was ultimately ordered to return the Laptop by the Court.

Importantly, Plaintiff has submitted direct evidence that Misappropriated Materials were copied and moved from the Laptop to the Johnson Device. *See* Dkt. No. 96, 98. This critical discovery remains time sensitive, and the highly sensitive and proprietary contents of the Johnson Device remain at risk of misuse by Johnson and PVI. Accordingly, CCFW should be permitted to image the Johnson Device now regardless of any stay. There can be no prejudice to Johnson as her device contains CCFW's sensitive materials and there is a confidentiality agreement in place in the litigation concerning the limited use of such information.

Letter briefs addressing this issue can be found at Dkt. Nos. 96-98, 102-103.

3. **Plaintiff's Pending Discovery Requests to PEC**

PEC is seemingly taking the position that it no longer has any obligation to fully comply with a Rule 45 subpoena that CC Ford previously served on it prior to PEC becoming a party in this action. Indeed, PEC's third-party document production remains significantly incomplete. But PEC

4924-8105-5759, v. 1

January 15, 2025
Page 3

has offered no timetable on completing its production. Instead, PEC appears to be seeking a stay of all discovery pending adjudication of its motion to dismiss the SAC.

Letter briefs addressing this issue can be found at Dkt. Nos. 105, 108, 110 and 112.

### 4. Plaintiff's Requests for Production to Johnson and PVI

Plaintiff served its First Set of Requests for Production of Documents upon Defendants Johnson and PVI on February 13, 2023. The set included, among other requests, that Johnson and PVI produce all communications between either of them and Defendant Meredith Manning ("Manning"). *See, e.g*., Request No. 36.  It further sought all documents transferred from the Laptop to the Johnson Drive. *See, e.g*., Request No. 19.  But no materials responsive to these requests were ever produced. Johnson and PVI's productions also remain woefully deficient in several other areas as set forth in Plaintiff's Discovery Deficiency Letter sent to those defendants in April 2023. Johnson and PVI should not be permitted to delay completing their productions any further.

### 5. Plaintiff's Pending Discovery of Third Party Qral

Plaintiff served a Rule 45 subpoena on Third Party Qral Group LLC ("Qral") on October 2, 2024. Qral is and/or was an important outside business consultant to PEC that holds discovery relevant to this action. In response to the subpoena, both Qral and PEC have raised objections and moved to quash the same.

Letter briefs addressing this issue can be found at Dkt. Nos. 105-106, and 108-110.

### 6. Plaintiff's Subpoena to Verizon

Plaintiff previously served a Rule 45 subpoena on Verizon seeking, *inter alia*, SMS messages concerning this action. Pursuant to an agreement between Plaintiff and Johnson's counsel, Verizon has since produced the discovery sought to Johnson's counsel. Under the Parties' Agreement, Johnson's counsel was to review this material for privilege and produce all responsive, non-privileged materials to Plaintiff, but Johnson still has not produced those materials.

\*   \*   \*

4924-8105-5759, v. 1

January 15, 2025
Page 4


Plaintiff remains eager to resolve these pending disputes and move discovery forward in this case. We thank the Court for its time and attention and look forward to the Status Conference.


                                        Respectfully submitted,

                                        */s/ Steven I. Adler*
                                        Steven I. Adler, Esq.


cc   Amy Luria, Esq.
     Daniel Slarskey, Esq.
     Kimberly Grinberg, Esq.
     William O'Connor, Jr., Esq.
     Samuel Lonergan, Esq.
     Nicole Gueron, Esq.
     Todd M. Nosher, Esq.
     (*All via CM/ECF*)