IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CC FORD GROUP WEST, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>JENNIFER JOHNSON, CARRIE BICKING, BETH WEILER, PROJECT VELOCITY, INC., PROJECT VELOCITY PARTNERS, LLC, MEREDITH MANNING, PHARMAESSENTIA USA CORP., MATTHEW ORNELAS-KUH, and JOHN DOES 1-10,<br><br>*Defendants.* | No. 3:22-cv-04143 (MAS/TJB) |

ORDER
GRANTING UNOPPOSED MOTION TO SEAL

**THIS MATTER** having been opened to the Court by the motion of Defendant PharmaEssentia USA Corp. ("PEC"), by and through its counsel, in connection with PEC's Unopposed Motion to Seal ("Motion"), pursuant to Local Civil Rule 5.3(c), two exhibits: (i) Exhibit A to the Declaration of Samuel Lin, the Master Services Agreement between PEC and CC Ford Group West, LLC ("CC Ford") ("MSA"), and (ii) Exhibit B to the Declaration of Samuel Lin, the Master Services Agreement between PEC and Project Velocity, Inc. ("PVI MSA") (collectively, the "Subject Materials").

The Court having considered the papers submitted by PEC in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the Declaration of Samuel Lonergan, counsel for PEC, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

## FINDINGS OF FACT

1. On November 18, 2024, in support of its Motion to Dismiss the Second Amended and Supplemental Complaint (ECF No. 115), PEC filed under temporary seal the Declaration of Samuel Lin and the two exhibits attached thereto at ECF No. 117. A copy of the Declaration of Samuel Lin without the exhibits was also publicly filed on the docket at ECF No. 115-14.

2. On December 31, 2024, PEC filed this Motion, pursuant to Local Civil Rule 5.3, seeking to seal the Subject Materials, which are docketed at ECF Nos. 117-1 and 117-2.

3. PEC has complied with the terms of Local Civil Rule 5.3(c) by moving to seal the Subject Materials.

4. The Court entered a Discovery Confidentiality Order on February 9, 2023. *See* ECF No. 43.

5. The Discovery Confidentiality Order provides that any party producing information or filing documents in the course of this action may designate materials as "Confidential" or "Confidential—Attorneys' Eyes Only." *Id.* ¶ 1.

6. Pursuant to the Discovery Confidentiality Order, the PVI MSA was designated by PEC as "Confidential – Attorneys' Eyes Only" and the MSA as "Confidential." No party is challenging these designations at this time.

7. Pursuant to Local Civil Rule 5.3(c)(2), the parties have conferred regarding the materials and information that are the subject of this motion to seal. No party to the litigation objects to this motion or the Subject Materials being filed under seal. Accordingly, all parties consent to maintaining the seal over the Subject Materials.

8. Pursuant to Local Civil Rule 5.3(c), PEC moves to seal the Subject Materials because PEC submits that these agreements contain confidential and proprietary information.

9.  Through the filing of the Subject Materials in this case, PEC has filed confidential information, the public disclosure of which would affect legitimate business interests to protect the confidentiality of this information.

10. In particular, the Subject Materials disclose PEC's proprietary, competitive, and commercial information relating to the internal operation of PEC's business, commercial marketing, and relationships with its vendors and consultants, which information is currently confidential and unavailable to the public.

11. The legitimate private or public interests which warrant confidentiality are: PEC, a party to this case, has a legitimate interest in maintaining the confidentiality of its commercial strategies, as well as information relating to its products, marketing strategies, and relationships with its vendors and consultants. PEC would suffer a clearly defined and serious injury if these agreements were to be publicly disclosed. The disclosure of PEC's confidential commercial and proprietary information would provide the public insight into the business and operations of PEC, and could cause competitive harm to PEC. There is no less restrictive alternative to the sealing of the Subject Materials.

## **CONCLUSIONS OF LAW**

1.  The Court, having considered this matter pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 5.3, and the parties' submissions in support of the Motion, finds that PEC has satisfied its burden of proving under Local Civil Rule 5.3(c) and applicable case law, that the Subject Materials are confidential and entitled to protection.

2.  Although there exists in civil cases a common law public right of access to judicial proceedings and records, the right of public access is not absolute and the presumption of public access is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 192-94 (3d Cir. 2001) (citing *Littlejohn*

*v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. The Court has power to seal confidential information based on its inherent supervisory authority over its own records and files to deny public access to judicial records where those records might "become a vehicle for improper purposes." *In re Cendant*, 260 F.3d at 194 (quoting *Littlejohn.*, 851 F.2d at 678). Moreover, Federal Rule of Civil Procedure 26(c)(1)(G) expressly allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

3. The inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted).

4. The Third Circuit, as well as this Court, has recognized on numerous occasions that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See, e.g., Publicker*, 733 F.2d at 1071 ("protection of a party's interest in

4

confidential commercial information" is an exception to the right of public access); *Purdue Pharm. Products v. Actavis Elizabeth*, No. 12-cv-5311, 2015 WL 13691888, at *1 (D.N.J. Aug. 24, 2015) (sealing part of trial transcript where "revealing the confidential business information to the public and competitors to the parties to this action would injure the parties' business interests"); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-cv-1331, 2009 WL 2256484, at *1 (D.N.J. July 28, 2009) (granting motion to seal information that constituted *inter alia*, "non-public business and marketing plans").

5. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

6. The information in PEC's submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Subject Materials.

**THEREFORE**, it is on this 28th day of January, 2025; **ORDERED** as follows:

1. The Motion to Seal the Subject Materials —Exhibits A and B to the Declaration of Samuel Lin (ECF Nos. 117-1 and 117-2, respectively)—is **GRANTED**.

2. Ther Subject Materials and information contained therein are confidential and entitled to protection. The Court further finds that PEC would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such confidential information, that the public interest weighs in favor of the Subject Materials, and information

contained therein remaining confidential and being sealed, and that no less restrictive alternative exists.

3. **IT IS FURTHER ORDERED** that the Clerk of the Court shall maintain under seal the filings located at ECF Nos. 117-1 and 117-2.

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

[Docket Entry No. 131 is terminated.]