# EXHIBIT 1



**Steven I. Adler, Esq**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
sadler@mblawfirm.com
T: 973.243.7930
F: 973.325.7467

May 11, 2023

**Via E-Mail (snardone@gibbonslaw.com) and Regular Mail**

Susan L. Nardone, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Re:  CC Ford Group West, LLC v. Matthew Ornelas-Kuh

Dear Ms. Nardone:

As you are aware, this office represents CC Ford Group West, LLC (the "**Company**") in matters concerning the employment and termination of your client Matthew Ornelas-Kuh ("**Ornelas-Kuh**") including, but not limited to, his misappropriation of confidential and proprietary information belonging to the Company and his expenses charged to the Company and/or its clients.

The purpose of this letter is to place your client on notice that litigation may be filed against him and the Company believes that he has information, documentation, and/or data that will be needed and/or used during the course of this litigation. As such, we specifically demand that Ornelas-Kuh preserve all documents, data and other items (as outlined herein) that may relate in any way to such litigation.

Accordingly, this letter constitutes a formal demand for the preservation of all evidence as outlined herein. Be advised that, if your client fails to secure and preserve properly these important pieces of evidence, we reserve all rights to pursue Court intervention, including filing a claim against him related to the spoliation of the evidence outlined herein. *See 27-35 Jackson Avenue, LLC v. Samsung Fire & Marine Insurance Company, Ltd.*, 469 N.J. Super. 200, 208 (App. Div. 2021).

To avoid such a necessity, we request that your client preserve all evidence that may relate to this matter, whether or not such evidence may be the subject of a claim of privilege or confidentiality now or in the future. As part of this process, he must preserve and safeguard, and must not alter, delete, destroy, modify, convert, tamper with, discard, or change in any way any documents (electronic or paper), data compilations or tangible objects or backup media that relate to the allegations in the above-referenced lawsuit. This evidence includes, but is not limited to: documents, letters, faxes, other forms of correspondence, data, hard drives on desktop computers, laptop computers, notebook computers (including personal home computers), personal and business phones, servers and other electronic document retention sources, DVDs, CDs, USB devices,



backup tapes, disks and other removal storage devices that may contain relevant information; handwritten or typed notes, charts, excel spreadsheets, e-mails, e-mails contained in folders, text messages, instant messages, tweets, blogs, word processing documents, internet usage files, recordings, back-up tapes, desk files, calendars, correspondence, drafts (partial and complete), policies, manuals, logs, and journals. In addition, electronically stored information should be preserved in its originally created or "native" format.

If Ornelas-Kuh has not already done so, he should immediately take steps to identify all paper documents, physical items, and electronic documents and data related to the issues mentioned above. It is critical that all documents, data, and items that relate or could relate in any way to the issues be preserved.

He should understand that "documents" includes all written materials (both paper and electronic), drafts and finalized documents, attachments, letters, memos, notes (handwritten or typed), reports and tables (either printed or on the computer), e-mails, text messages, and other electronic media, data stored on the computer, audio or video tapes, "working" or other personal files, as well as e-mails in the "inbox," "sent items" and "deleted item" locations. Additionally, documents must be maintained if they are known to be duplicates of documents held by other persons or him, if the duplicate has notes or handwritten comments on it. Computerized data must not be erased or deleted at this time.

Electronic data includes correspondence, telephone logs, other business records, emails, files, voicemails, recordings of conference calls or videoconferences, text messages, instant messages, ephemeral messaging apps, calendars, word processing files, spreadsheets, PDFs, JPEGs, PowerPoint presentations, and other databases, cloud-based storage, wearable technology, Internet of Things (IoT) devices, workplace collaboration tools, temporary internet files, cookies, .ZIP files, and all other forms of electronic information, wherever it resides, including the Internet. You must preserve this information in its current form, without moving any electronic information or changing any related metadata (for example, a document's creation or last access date).

This request also includes chat logs, posts, and recordings of meetings from Zoom, Microsoft Teams, GoToMeeting, Slack, Hangouts/Google Chat, Discord, Skype, and any other platform that allows instantaneous back-and-forth communication.

This preservation request also extends to the preservation of relevant data on external media, including hard drives, DVDs, CDs, USBs, personal home computers, laptops, electronic storage device (including, without limitation, SSD, optical disks, external hard drives, printers, scanners etc.), email accounts, data storage services, backup or synchronization services, cloud accounts, servers, mobile devices, including smart phones and tablets, and/or any other device or account to which he caused or allowed these materials to be copied or transferred.

Further, demand is hereby made that Ornelas-Kuh preserve and maintain his cellular phone(s) in its/their current condition without deleting or altering any information and/or data therein. Demand is also made that he preserve and not erase or delete any information or posts

MANDELBAUM BARRETT

from all social media accounts, including, but not limited to, posts, likes, comments, direct messages, chat logs, friends and/or connections, logs and posting times, photographs, and profiles related to, but not limited to, the following: Facebook, FourSquare, Snapchat, Twitter, Tumblr, MySpace, Discord, GroupMe, WhatsApp, Pinterest, LinkedIn, Reddit, and Instagram. Please be advised that any tampering, erasure, or deletion of material from his social media account(s) and/or cellular phone(s) will be considered spoliation of evidence.

The request to preserve extends to documents in paper and electronic format, whether created before or after the date of this letter. As such, any documents, data, or items created from the date of this letter must be maintained going forward.

To comply with this request to preserve Ornelas-Kuh must also take immediate, affirmative steps to preserve, and suspend any deletion, overwriting, modification, or other destruction of all relevant electronic documents and data under his control relevant to this matter. It is inherent in this preservation that he immediately cease any intentional or inadvertent destruction of documents that are or may be relevant to this lawsuit. This includes taking immediate action to: (1) preserve and safeguard all items noted herein and otherwise related to the issues mentioned above; and (2) ensure steps are taken to prevent destruction or alteration of any such items. Any routine destruction or purging of any files, documents or backup media relating is to be suspended immediately.

We further request that Ornelas-Kuh immediately put any third-party vendor that has or controls this information, material, or documentation, on notice to maintain and preserve it/them without change. To ensure that compliance with this request to preserve evidence is met, please have your client immediately forward a copy of this letter to all persons and entities with custodial responsibility for any of the items referred to in this letter, including third parties and vendors.

The request to preserve these materials is a continuing one and will last until any litigation concludes, or until Ornelas-Kuh is otherwise advised to stop.

Please respond in writing within the next days five days confirming your client's intent to preserve the above. Should you have any questions about this notice or the scope of this request to preserve paper documents, physical items, and electronic documents and data, please contact me.

Thank you for your anticipated cooperation.

Very truly yours,

*/s/ Steven I. Adler*
Steven I. Adler, Esq.

SIA/lg