# EXHIBIT 9

# MANDELBAUM BARRETT PC

**Todd M. Nosher, Partner**

tnosher@mblawfirm.com
973.319.1662 Direct

3 Becker Farm Road
Roseland, New Jersey 07068
973.736.4600 Main
973.325.7467 Fax

570 Lexington Avenue, 21st Floor
New York, New York 10022
212.776.1834 Main
www.mblawfirm.com

April 3, 2025

**VIA FEDERAL EXPRESS AND EMAIL**

William O'Conner Jr., Esq.
McElroy Deutsch
1300 Mount Kemble Avenue
Morristown, New Jersey, 07962
WOconnor@mdmc-law.com

Re:   **Plaintiff's Response to Defendant Kuh's March 24, 2025 Letter**

Counsel:

This firm represents Plaintiff CC Ford Group West, LLC ("Plaintiff," or "CCFW") in Case No. 3:22-cv-04143 in the District of New Jerey (the "Action"). We are in receipt of your March 24, 2025 letter ("Letter") which: (1) confirms that you now represent Defendant Matthew Ornelas-Kuh ("Defendant" or "Mr. Kuh") in this Action; and (2) disputes Plaintiff's service of Defendant. We disagree with your position on service as explained below.

Nonetheless, to avoid wasting further resources on Mr. Kuh—including unnecessary motion practice which will take up the Court's time on what should be a noncontroversial issue—we enclose a Waiver of Service form ("Waiver") and request that Defendant sign and return the Waiver pursuant to Fed. R. Civ. 4(d). In doing so, Plaintiff reminds Defendant of his duties under Rule 4. *See, e.g.*, Fed. R. Civ. P 4(d)(1) ("An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."); *see also* Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments) ("Defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs.").

**If Defendant fails to return his signed Waiver before April 8, 2025, at 3 p.m. E.T., Plaintiff will have no choice but to bring this dispute to the Court's attention by motion.**

Once again, we disagree with your position on service. By way of background, there are eight named Defendants in this Action. All have been served without issue—save one defendant—Mr. Kuh, who has opted to thumb his nose at Plaintiff and this Court by evading service and rotating attorneys who have refused to accept service of papers in this litigation on his behalf. Now that Defendant was served, he has unsurprisingly resurfaced with yet another new attorney.

William O'Connor, Jr., Esq.
April 3, 2025
Page **2** of **3**

Plaintiff has spent significant time and resources attempting to locate and serve Defendant as the result of his less than subtle efforts to evade the very service his counsel has forced. This is not surprising in view of the allegations against Defendant in the Second Amended Complaint ("SAC").

To be clear, and before Defendant was ever added as a party to this Action, he received and acknowledged notice of this Action on numerous occasions. In fact, Plaintiff sent Defendant no less than three letters, a subpoena ("Subpoena") and a Litigation Hold Letter, through his attorney at the time, Susan Nardone, Esq. Each communication was confirmed as received. The Litigation Hold letter, for example, clearly set forth Plaintiff's intent to bring Defendant into this case thereby giving him notice of the Action. *See* Litigation Hold Letter at 1 ("The purpose of this letter is to place your client on notice that litigation may be filed against him and the Company believes that he has information, documentation, and/or data that will be needed and/or used during the course of this litigation."). Notably, Defendant's counsel at the time refused to accept service of the Subpoena for reasons unknown and unstated, beginning a trend of Defendant's evasive acts. *See* November 10, 2023, S. Nardone Letter to S. Adler ("I am not authorized to accept service of the Subpoena Duces Tecum forwarded by Ms. Matton via email on November 8, 2023 on Mr. Ornelas-Kuh's behalf.").

Shortly after filing the SAC, Plaintiff's counsel also wrote twice to Defendant Johnson's counsel, Mr. Slarskey, who Plaintiff believed was representing Defendant at that time. Plaintiff specifically requested that Defendant waive service. *See* September 22, 2024 email from J. Matton to D. Slarskey ("…will you accept service on behalf of Matthew Ornelas-Kuh?"); September 24, 2024 email from J. Matton to D. Slarskey ("David, following up on the below. Please advise if you will accept service for Matthew Ornelas-Kuh."). Rather than expressly confirm or deny his representation, Johnson's counsel responded, "I don't have an answer for you yet." *See* September 24, 2024 email from D. Slarskey to J. Matton. Counsel never did provide his answer.

This prompted Plaintiff to proceed with formal service, whereby Plaintiff attempted to find and personally serve Defendant no less than eight times through multiple process servers at multiple locations. Even more, Plaintiff retained an investigator to locate and eventually serve Defendant, all at a significant cost of time and resources. Plaintiff successfully served Defendant under Fed. R. Civ. P. 4(d)(2)(B) on March 1, 2025.

As you well know, the good cause requirement of Rule 4(m) protects "diligent plaintiffs" like CC Ford here "who, though making every effort to comply with the dictates of the rule, nonetheless exceed [the limit for service of process]." *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 880 (3d Cir. 1987). And beyond good cause, it is highly likely the court will provide a discretionary extension given Defendant's indisputable notice of the Action—dating back several years—and the lack of prejudice to the Defendant. Indeed, we note that your Letter does not even attempt to suggest that Mr. Kuh is prejudiced in any way. As you are aware, as counsel for other defendants in this Action, the case has been effectively stayed since the SAC was filed pending adjudication of defendants' motion to dismiss.

William O'Connor, Jr., Esq.
April 3, 2025
Page **3** of **3**

For at least these reasons, we suggest Defendant rethink his evasive strategies to date and return the signed Waiver. It is doubtful the Court will look favorably upon the history and facts surrounding Mr. Kuh's actions to date, and Plaintiff has been more than diligent in its efforts in searching for and serving Defendant. For avoidance of doubt, be advised that Plaintiff will seek fees for having to bring any motion necessitated by Defendant's actions including another waiver refusal in this Action.

*Enclosure*

    Very truly yours,

    */s/ Todd Nosher*
    Todd M. Nosher, Esq.