NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CC FORD GROUP WEST, LLC,** | |
| Plaintiff, | **Civil Action No. 22-4143 (MAS) (TJB)** |
| v. | |
| **JENNIFER JOHNSON,** *et al.*, | **MEMORANDUM ORDER** |
| Defendants. | |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court on Plaintiff CC Ford Group West, LLC's ("Plaintiff" or "CCFW") motion to deem defendant served under Federal Rule of Civil Procedure 4(e) and (m), or, in the alternative, grant an extension of time to serve defendant and approve service by alternate means. (Docket Entry No. 144.)  Additionally, in its motion, Plaintiff asks the Court to award costs associated with service for Defendant Matthew Ornelas-Kuh's ("Mr. Ornelas-Kuh" or "Defendant") unwarranted failure to waive service. (*Id*.)  Defendant opposes Plaintiff's motion. (Docket Entry No. 146.)  The Court has considered all arguments made in support of and in opposition to Plaintiff's motion and decides the same without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is **GRANTED, in part, and DENIED, in part**.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The issue before the Court stems from Plaintiff's efforts to effect service of process on Defendant Ornelas-Kuh, CCFW's former Vice President of Client Services. (Docket Entry No. 144-1 ("Pl.'s Br.") at 1; Docket Entry No. 92 ¶ 2; Docket Entry No. 151 ¶¶ 9, 30.)  According to

Plaintiff, Defendant has attempted to evade service and, despite being properly served, refuses to accept service of process. (Pl.'s Br. at 1.)

On May 16, 2022, Plaintiff initiated this action in the Superior Court of New Jersey, Somerset County, Law Division. On June 17, 2022, this matter was removed to the United States District Court for the District of New Jersey. (Docket Entry No. 1.) On September 20, 2022, in accordance with a Consent Order as amended, Plaintiff filed its First Amended Complaint. (Docket Entry Nos. 3, 7, 9.) On July 26, 2024, Plaintiff filed a motion for leave to file a Second Amended Complaint, which the Court granted on August 22, 2024. (Docket Entry Nos. 85, 90.) Plaintiff's Second Amended Complaint ("SAC"), which added Defendant Ornelas-Kuh to this action, was filed on September 6, 2024. (Docket Entry No. 92.) The SAC named eight defendants, including Defendant Ornelas-Kuh.[1] (Pl.'s Br. at 1.) At present, all of Defendant's seven co-defendants have been served and, notably, active in this action. (*Id.*).

Relevant hereto, as Plaintiff provides, service was attempted by email on September 22, 2024. (*Id.* at 8.) Plaintiff emailed the attorney believed to be representing Defendant at the time, David Slarskey, Esq., asking him to accept service on Defendant's behalf. (*Id.*) Thereafter, on September 24, 2024, Mr. Slarskey responded, "I don't have an answer for you yet." (*Id.*) Mr. Slarskey provided no further response that either confirmed or denied his ability to receive service on Defendant's behalf. (*Id.*) On October 3, 2024, believing that Defendant may be an unrepresented party, Plaintiff included Defendant on a "service email." (*Id.*) In this email, Plaintiff provided notice of a Third-Party Subpoena to the Qral Group, which enclosed the SAC

---

[1] During the pendency of Plaintiff's motion, and pursuant to the District Court's Order of June 30, 2025, Plaintiff has filed a Third Amended Complaint ("TAC") (Docket Entry No. 151). The SAC and TAC share the same eight named defendants.

in its entirety.  (*Id*.)  The email address used for Defendant in this instance was one that he had used in prior court proceedings. (*Id*.)

In addition to the foregoing email correspondence, attempts at personal service were made at what was and still is believed to be Defendant's usual place of abode, 78694 Como Court, La Quinta CA 92253 (the "La Quinta Address"). (*Id*. at 8-9.)   Plaintiff claims to have attempted to personally serve Defendant, or otherwise conducted research and investigation into Defendant's whereabouts, on the following dates and locations:

- September 22, 2024, at 78694 Como Court, La Quinta, CA 92253;
- September 24, 2024, at 78694 Como Court, La Quinta, CA 92253;
- September 25, 2024, at 78694 Como Court, La Quinta, CA 92253;
- September 28, 2024, at 78694 Como Court, La Quinta, CA 92253;
- September 30, 2024, at 78694 Como Court, La Quinta, CA 92253;
- October 2024, Plaintiff retains first investigator to find Defendant;
- October 8, 2024, first investigator research confirms 78694 Como Court, La Quinta, CA 92253 as Defendant's current address;
- From October through December 2024, Plaintiff further investigates and researches other potential addresses for Defendant;
- December 2024, Plaintiff retains new investigator;
- January 202[5], new investigator performs additional investigation into Defendant's whereabouts;
- February 9, 2025, at 78694 Como Court, La Quinta, CA 92253;
- March 1, 2025, at 78694 Como Court, La Quinta, CA 92253.

3

(*Id.* at 9.)   Plaintiff contends that, pursuant to Federal Rule of Civil Procedure 4(e)(2)(B), personal service of process was successfully made on March 1, 2025, at the La Quinta Address, by leaving the summons and complaint at the individual's residence or usual place of abode with a person of suitable age and discretion who resides there, that being Edward Jellison Lowell.   (*Id.* at 3, 7, 10; Ex. 7 to the Declaration of Todd M. Nosher, Esq. ("Nosher Decl."), Docket Entry No. 144-9.) Mr. Lowell is Defendant's stepfather; a fact that is undisputed.   (Pl.'s Br. at 9; *see* Docket Entry No. 146 ("Def.'s Opp'n Br.") at 4.)

Defendant disputes that Plaintiff has properly effectuated service of process on him. According to Defendant, Plaintiff neither effected service on him personally, at his residence or usual place of abode, nor on an authorized agent appointed to receive service of process on his behalf.  (Def.'s Opp'n Br. at 1.)   Specifically, Defendant contends that, despite having prior knowledge that Mr. Ornelas-Kuh did not authorize his counsel to accept service on his behalf, Plaintiff nonetheless inquired as to the representation and authority of Mr. Slarskey to accept service of process on behalf of Mr. Ornelas-Kuh.   (*Id.* at 2.)   Plaintiff also allegedly failed to alert Defendant's current counsel regarding their personal service efforts until March 18, 2025, well after the expiration of 90-day service deadline afforded by Federal Rule of Civil Procedure 4(m). (*Id.*)   Defendant maintains and certifies that he does not reside, nor has he ever resided, at the La Quinta Address, despite Plaintiff's claims suggesting otherwise.   (*Id.* at 4; Certification of Matthew Ornelas-Kuh ("Ornelas-Kuh Cert.") ¶ 3, Docket Entry No. 146-1.)   To this end, Defendant argues that Plaintiff's assertion that he resides at the La Quinta Address is unsubstantiated, with Plaintiff failing to provide any proof of his residence at or relation to the address. (Def.'s Opp'n Br. at 4.)   Notwithstanding his purported lack of residency at or relation

4

to the La Quinta Address, Defendant claims that Plaintiff failed to leave the summons and complaint with Mr. Lowell as alleged; rather, the summons and complaint were left on the front lawn in contravention, as Defendant contends, of the requisite standard set forth by Federal Rule of Civil Procedure 4(e)(2)(B). (*Id.* at 4.) Defendant avers that, even if Defendant were found to reside at the La Quinta Address, Plaintiff's motion must be denied for improper and untimely service.

## II. DISCUSSION

### A. Good Cause Exists for an Extension of Time for Service.

Plaintiff asserts that service of process was successfully made on March 1, 2025, at the La Quinta Address. As Defendant highlights, this date well exceeds the time afforded by the Federal Rules of Civil Procedure ("Rule"). Under Rule 4(m), a plaintiff has the duty to serve the summons and complaint on a defendant within 90 days of filing the pleading. Fed. R. Civ. P. 4(m). "[I]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Plaintiff filed its SAC on September 6, 2024. (Docket Entry No. 92.) Pursuant to Rule 4(m), the deadline to serve the summons and complaint on Defendant was December 5, 2024. Consequently, prior to determining whether Plaintiff properly effectuated service on Defendant, the Court must first determine whether to permit an extension of time for service from December 5, 2024, to March 1, 2025.

"The determination whether to extend time [for service of process] involves a two-step inquiry." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citing *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995)); *see also Davis v. Samuels*, 962 F.3d 105, 116 (3d

Cir. 2020). "The [Court] first determines whether good cause exists for a plaintiff's failure to effect timely service." *Boley*, 123 F.3d at 758. If good cause exists, the extension must be granted. *Id.* (citation omitted); Fed. R. Civ. P. 4(m). "If good cause does not exist, the [Court] must consider whether to grant a discretionary extension of time." *Boley*, 123 F.3d at 758 (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1098 (3d Cir.1995)).

"In determining whether there is good cause for the extension of the time for service under Rule 4(m), district courts should consider: (1) reasonableness of plaintiff's efforts to serve[;] (2) prejudice to the defendant by lack of timely service[;] and (3) whether plaintiff moved for an enlargement of time to serve." *Cunningham v. New Jersey*, 230 F.R.D. 391, 393 (D.N.J. 2005) (internal quotations marks and citations omitted).

After consideration of each of these factors, the Court concludes that Plaintiff has shown good cause for its failure to serve Defendant Ornelas-Kuh within the 90-day period required by Rule 4(m).

Plaintiff efforts to service process on Defendant in the months preceding March 2025 were reasonable and made in good faith. Defendant's description of Plaintiff's efforts as a "drawn-out expedition" is unavailing. (Def.'s Opp'n Br. at 7.) While Defendant points to a gap in personal service attempts between September 30, 2024, and February 9, 2025, Plaintiff provides a reasonable explanation for such discontinuity. After five different service attempts in September 2024, Plaintiff chose to engage multiple investigators to conduct formal investigations into Defendant's whereabouts prior to incurring additional costs on personal service. (Docket Entry No. 147 ("Pl.'s Reply Br.") at 11.) These investigations spanned from October 2024 to January 2025. Plaintiff did not choose to sit idly by in the months leading up to the next personal service

6

attempt on Defendant in February 2025. Instead, Plaintiff made reasonable efforts to clarify or discover Defendant's whereabouts for the purpose of pursuing quality attempts at personal service, which culminated in Plaintiff confirming, through its investigations, that the La Quinta Address was the correct address at which to attempt personal service on Defendant. This, coupled with the Plaintiff's efforts to ascertain whether counsel had authority to accept service of process on Defendant's behalf, sufficiently demonstrates that Plaintiff acted in a fashion that was reasonable and diligent.[2]

With regard to the second factor, Defendant has not alleged that it was prejudiced by the delay of service of process, nor presented any evidence to that effect. Indeed, through multiple correspondence with counsel, Plaintiff provided notice to Defendant of the pendency of this litigation; their intention to seek information, documentation, and/or data from him during the course of this litigation; their intention to add him to this litigation; and their filing of the SAC, which named him as a defendant in this litigation. (Pl.'s Br. at 12-13; *see also* Exs. 1-6 to Nosher Decl.) "[A]ctual notice to a defendant that an action was filed militates against a finding of prejudice." *Boley*, 123 F.3d at 759 (collecting cases). Defendant does not dispute that he had actual notice of this litigation, including the filing of the SAC, throughout the preceding and relevant months. Moreover, as Plaintiff highlights, this litigation is notably still in its procedural infancy, with fact discovery presently stayed. (Pl.'s Br. at 15; *see* Docket Entry Nos. 120, 148.) Defendant's ability to defend on the merits, in turn, has not been damaged in any manner. *See Boley*, 123 F.3d at 759. The Court therefore finds that Defendant has not been prejudiced by

---

[2] The Court recognizes that Defendant Ornelas-Kuh has seemingly changed his legal representation throughout the course of proceedings and dealings. (*See* Pl.'s Br. at 2-3.)

Plaintiff's delay of service.

Lastly, as to the third factor, courts have found that the same "is simply a subset of the first factor, which considers the diligence and reasonableness of plaintiff's efforts." *Cunningham*, 230 F.R.D. at 394 (quoting *United States v. Nuttall,* 122 F.R.D. 163, 167 (D. Del. 1988)) (internal quotation marks omitted). Plaintiff here failed to file a request or motion seeking an extension of time to effect service on Defendant. However, failure to seek an extension of time is not by itself dispositive on the question of whether good cause exists. *Id.* Generally, the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomm. Corp.*, 71 F.3d at 1097 (3d Cir.1995) (citing *Petrucelli*, 46 F.3d at 1312). The good cause analysis is thus primarily focused on the plaintiff's reasons for not complying with the time limit prescribed by Rule 4(m) in the first place. *Id.* Considering Plaintiff's service efforts detailed above, the Court finds that, despite Plaintiff's failure to seek an extension of time to effect service, Plaintiff acted reasonably and diligently to investigate and locate Defendant's whereabouts and pursue service of process on Defendant.

In sum, weighing the good cause factors, the Court concludes that good cause exists to permit an extension of time for service from December 5, 2024, to March 1, 2025. The Court extends the time for service of the SAC until March 1, 2025, which, as explained below, is the date when service of the SAC was made on Defendant.

## B. Plaintiff Has Properly Served Defendant Ornelas-Kuh.

Service of a summons is the procedure by which a court with proper venue and subject matter jurisdiction asserts authority over the person being served. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id*.

Rule 4 governs the process for serving a defendant with a summons and complaint. *See* Fed. R. Civ. P. 4. Under Rule 4(e), service on an individual within the United States may be effectuated either pursuant to applicable state law or through the methods specifically authorized by Rule 4(e)(2). Fed. R. Civ. P. 4(e). Relevant here, Rule 4(e)(2)(B) authorizes service upon an individual by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). In determining whether service was proper under Rule 4(e)(2)(B), the Court thus must conduct a two-step inquiry and determine: (1) whether a copy of the summons and of the complaint was left at the individual's dwelling or usual place of abode, and if so, (2) whether a copy of each was left with someone of suitable age and discretion who resides at said address.

First, the Court finds that process was left at Defendant's dwelling or usual place of abode, the La Quinta Address. "Whether a particular location is a person's dwelling house or usual place of abode is to be determined from the facts in each particular case." *United States v. Sharpe*, Civ. No. 20-2490, 2021 WL 4453623, at *4 (E.D. Pa. Sept. 29, 2021), *aff'd*, 2023 WL 4636443 (3d Cir. July 20, 2023). While Defendant certifies that he does not reside and has never resided at the La Quinta Address, the evidence before the Court suggests otherwise. Plaintiff has provided two

9

earnings statements from Defendant's employment at CCFW, as well as the search results of publicly available sources, each of which lists the La Quinta Address as Defendant's address. (Pl.'s Reply Br. at 7.) Defendant does little, if any, to refute this evidence. Rather, Defendant simply contends that "Plaintiff provides no proof that Mr. Ornelas-Kuh resided at the La Quinta address, owned this address, or had any relation to this address, other than a broad assertion that is what its investigator determined, and that it is the alleged dwelling of the Defendant's stepfather, Edward Lowell." (Def.'s Opp'n Br. at 4.) Such a broad-stroke argument is uncompelling in the face of the evidence before the Court. Moreover, it is not lost on the Court that Defendant, even now, still refrains from providing any proof to demonstrate that he is in fact a resident somewhere other than the La Quinta Address. This fact further militates against finding that Defendant resides somewhere other than the La Quinta Address. *See Capitol Life Inc. Co. v. Rosen*, 69 F.R.D. 83, 88 (E.D. Pa. 1975) ("Since there has not been any showing by defendant that he is in fact resident somewhere other than the [address where service was executed], we feel it is quite appropriate to hold that house constitutes his dwelling or usual place of abode[.]"). Based on Plaintiff's proofs, and considering Defendant's broad-stroke opposition, the Court holds that the record sufficiently supports a finding that the La Quinta Address constitutes Defendant's dwelling or usual place of abode.

Next, the Court finds that process was also left with someone of suitable age and discretion who resides at the La Quinta Address. On March 18, 2025, Plaintiff filed a Proof of Service with the Court, which provides that Plaintiff's process server—Jorge Mendez—served Defendant on March 1, 2025, by leaving a copy of the summons and of the complaint at Defendant's residence or usual place of abode with Defendant's stepfather, Mr. Lowell. (Docket Entry No. 143; Ex. 7

to Nosher Decl.)   Defendant does not dispute that Mr. Mendez left a copy of the summons and of the complaint at the La Quinta Address on March 1, 2025, nor that Mr. Lowell is someone of suitable age and discretion.   Instead, Defendant disputes that Mr. Mendez left process with Mr. Lowell, claiming that "Mr. Mendez left the papers on the front lawn." (Def.'s Opp'n Br. at 4.) However, outside of raising this claim in his opposition, Defendant provides no evidence to support such an allegation.   In fact, as Plaintiff mentions, Mr. Ornelas-Kuh, in his certification submitted in support of his opposition, notably fails to certify that the papers were left on the front lawn of the La Quinta Address.   (*See generally* Ornelas-Kuh Cert.; Pl.'s Reply Br. at 8.)   Nor, in his certification, does Mr. Ornelas-Kuh explicitly refute that process was left with Mr. Lowell. Rather, he simply states, "Edward Lowell is not and has never been authorized to accept service on my behalf."   (*Id.* ¶ 4.)   As noted, Rule 4(e)(2)(B) is concerned with whether a copy of the summons and of the complaint was left with someone of suitable age and discretion who resides at Defendant's dwelling or usual place of abode.   Mr. Lowell's authority to accept service on Defendant's behalf has no bearing on the analysis herein.   Even so, Defendant has failed to corroborate in any manner, by way of affidavit, declaration, or otherwise, that the summons and complaint were simply left on the front lawn as contended, rather than served on Mr. Lowell directly.   Defendant's assertion standing alone is insufficient to rebut the Proof of Service by Mr. Mendez, including his associated attestations. *See United States v. Holohan*, Civ. No. 11-4017, 2012 WL 2339755, at *9 (D.N.J. June 18, 2012) (finding that Defendant's unsupported assertion standing alone was insufficient to rebut the Affidavit of Service by Plaintiff's process server attesting that service was effectuated pursuant to Rule 4(e)(2)(B)).   Absent any substantiation to Defendant's assertion, the Court finds no reason to reject the Proof of Service by Mr. Mendez and

submitted in compliance with Rule 4(l)(1). Fed. R. Civ. P. 4(l)(1). Accordingly, based on the record submitted, the Court concludes that process was left with Mr. Lowell, who is an individual of suitable age and discretion that resides at Defendant's dwelling or usual place of abode.

For the above reasons, Plaintiff's request for the Court to deem Defendant Ornelas-Kuh served under Rule 4(e)(2)(B) is **GRANTED**. Given this finding, the Court refrains from addressing the parties' remaining arguments relating to approval of service by alternate means.

### C. Plaintiff is Not Entitled to Reasonable Service Expenses and Attorney's Fees.

Plaintiff also requests that it be awarded reasonable attorney's fees and costs that accrued because of Defendant Ornelas-Kuh's failure, or refusal, to waive service.

Rule 4(d) permits a defendant to waive formal service of process by executing and returning a waiver of process to plaintiff. Fed. R. Civ. P. 4(d). A plaintiff may request such a wavier by providing written notice and request to the defendant. *Id.* The notice and request must be in writing; be addressed to the individual defendant; name the court where the complaint was filed; include a copy of the complaint, two copies of the waiver form, and a prepaid means for returning the form; inform the defendant of the consequences of waiving and not waiving service; state the date when the request is sent; give the defendant a reasonable time of at least 30 days after the request was sent to return the waiver; and be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1)(A)-(G). "A defendant who is properly in receipt of a notice and request for waiver has an affirmative duty to 'avoid unnecessary expenses of serving the summons.'" *Fink v. Bishop*, Civ. No. 23-566, 2024 WL 3084409, at *2 (D.N.J. June 21, 2024); *see* Fed. R. Civ. P. 4(d)(1).

As Rule 4(d)(2) provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court *must* impose on the defendant:
>
> > (A) the expenses later incurred in making service; and
> >
> > (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2) (emphasis added).

"Defendants that magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them are required to bear the wasteful costs." *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, Civ. No. 19-15716, 2020 WL 3892360, at *3 (D.N.J. July 2, 2020) (quoting Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments)).

In interpreting Rule 4(d), some courts in this circuit, and in other circuits, have been reluctant to excuse a defendant's failure to waive service based on technical errors, or technical imperfections, that do not prejudice the defendant. *See, e.g., Saxena v. Allen*, Civ. No. 22-1769, 2024 WL 964817, at *3 (D. Colo. Mar. 6, 2024) ("[S]ervice of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule." (citation omitted)); *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 364-65 (S.D.N.Y. 2023) (collecting cases); *Doe 1438 v. Pennsylvania State Univ.*, Civ. No. 19-1438, 2020 WL 3976950, at *3 (M.D. Pa. July 14, 2020) ("[D]efendants have been required to pay for costs of service under Rule 4(d)(2) for failure to waive where the plaintiff has not fully complied with Rule 4(d)(1)'s procedural requirements."); *Gonzalez-Marcano v. U.S. Airways Grp., Inc.*, 2014

13

WL 413932, at *7-8 (E.D. Pa. Jan. 31, 2014) (finding that plaintiff's failure to address the waiver to a specific officer or agent of defendant and failure to include two copies of the waiver form as required by Rule 4(d)(1)(C), did not constitute good cause for defendant to refuse to waive service, where defendant was not prejudiced in any way by plaintiff's errors); *Trevino v. D.H. Kim Enters., Inc.*, 168 F.R.D. 181, 183 (D. Md. 1996) (holding that the requirements of Rule 4(d) were substantially met, as plaintiff's slight variation of Rule 4(d)'s procedure could not have realistically prejudiced the defendants).

Other courts have been less forgiving, seemingly maintaining that strict compliance with the requirements of Rule 4(d)(1) is necessary for a plaintiff to be entitled to relief under Rule 4(d)(2). *See Tejada v. DelBalso*, Civ. No. 18-1096, 2025 WL 1385570, at *6 (M.D. Pa. May 13, 2025) (affirming an order denying plaintiff's motion for reimbursement of service costs, where the record failed to demonstrate that each of the requirements of Rule 4(d)(1) were met); *Mercedes-Benz Fin. Servs. USA LLC*, 2020 WL 3892360, at *3 (D.N.J. July 2, 2020) (analyzing if and how plaintiff's letter satisfied each of the requirements of Rule 4(d)(1)).

Even under a liberal construction of Rule 4(d), however, a plaintiff must still demonstrate substantial compliance with the requirements prescribed under Rule 4(d)(1) to be entitled to a reimbursement of costs and expenses. *See Fink*, 2024 WL 3084409, at *2-3 (finding that that the waiver requests Plaintiff sent to each of the Defendants substantially met the requirements of Rule 4(d)); *Brinks Glob. Servs. USA, Inc.* 686 F. Supp. 3d at 365 (collecting cases).

The United States Court of Appeals for the Third Circuit does not appear to have addressed the technical and procedural requirements of Rule 4(d)(1) or Rule 4(d)(2), including the level of compliance necessary to be entitled to relief under these Rules. Nevertheless, even viewing

14

Plaintiff's request for reimbursement of expenses and costs under a liberal interpretation of Rule 4(d), the Court finds that Plaintiff has not complied, or substantially complied, with Rule 4(d) and thus, is not entitled to a reimbursement of the costs incurred in effectuating service on Defendant and of the reasonable expenses, including attorney's fees, incurred in making the underlying motion.

As a threshold matter, the record shows that Plaintiff first attempted to obtain an executed waiver of service form from counsel on April 3, 2025. (Ex. 9 to Nosher Decl.) Plaintiff provides no evidence to suggest that it served, or attempted to serve, a waiver request and notice on the individual defendant—Mr. Ornelas-Kuh—himself throughout the preceding months and during the various personal service attempts. Nor, despite Plaintiff's statements to the contrary, do Plaintiff's prior correspondence with Defendant's former or then-apparent counsel amount to an attempt to obtain a waiver of service. Plaintiff, by and through counsel, emailed inquiring whether counsel had the authority to accept service on Mr. Ornelas-Kuh's behalf. (*See* Exs. 4-6 to Nosher Decl.). Plaintiff neither provided a waiver form to counsel nor requested counsel waive service on Defendant's behalf. In fact, in one correspondence, Plaintiff inquires whether Mr. Slarskey had authority to accept service of process on Defendant Ornelas-Kuh's behalf yet explicitly provides waiver forms for Defendant Project Velocity Partners, LLC. (Exs. 4-5 to Nosher Decl.) As it appears, the record signifies that Plaintiff's counsel simply sought to confirm or clarify if the former or then-apparent counsel of Mr. Ornelas-Kuh was an agent authorized to receive service on his behalf, implicating Rule 4(e)(2)(C), rather than obtain a formal waiver of service pursuant to Rule 4(d). *Compare* Fed. R. Civ. P. 4(e)(2)(C), *with* Fed. R. Civ. P. 4(d). Furthermore, in requesting costs and fees under Rule 4(d)(2), Plaintiff notably does not discuss or even remotely

15

elaborate on any attempts made to obtain a waiver of service under and in compliance with Rule 4(d)(1). (*See* Pl.'s Br. at 19; *see generally* Pl.'s Reply Br.) Based on the record presented, no attempts by Plaintiff to obtain a waiver of service prior to April 3, 2025, are apparent.[3]

Turning to Plaintiff's attempt to obtain a waiver of service on April 3, 2025, Plaintiff provided Mr. Ornelas-Kuh's counsel—William F. O'Connor, Jr., Esq. of McElroy, Deutsch, Mulvaney & Carpenter, LLP—a Waiver of Service form, along with an accompanying letter informing Defendant of the consequences for failing to waive service. (Ex. 9 to Nosher Decl.) Plaintiff's attempt to obtain a waiver of service substantially deviates from Rule 4(d)(1). Among other things, the request was not addressed to the individual defendant and instead, was submitted solely to Defendant's counsel by way of a letter transmitted over email. Moreover, it is unclear if two waiver forms and a copy of the complaint were included with the waiver request. While such deviations alone might not prejudice the Defendant to warrant denial of Plaintiff's request for reimbursement of fees and costs, Plaintiff's failure to comply with Rule 4(d)(1) extends beyond such formalistic imperfections.

---

[3] The Court acknowledges the unconventional sequencing of events that unfolded. Plaintiff served Defendant on March 1, 2025, pursuant to Rule 4(e)(2)(B). As Defendant maintained that service was improper, and in attempt to avoid further delay, Plaintiff then sought a waiver of service from Defendant on April 3, 2025. Plaintiff thus attempted to obtain a waiver of service after Defendant, technically, was already served. As the parties do not address or explore this sequencing of events, and for the reasons set forth in the paragraphs that follow, the Court does not find it necessary to intently analyze the implications of such sequencing herein. However, as Rule 4(d) is aimed at eliminating the costs of serving a summons and complaint, the Court notes that such a posture likely militates against granting Plaintiff's request for reasonable service expenses and attorney's fees. *See* Fed. R. Civ. P. 4 Advisory Committee's Notes (1993 amendments) ("Some plaintiffs may send a notice and request for waiver and, without waiting for return of the waiver, also proceed with efforts to effect formal service on the defendant. To discourage this practice, the cost-shifting provisions in paragraphs (2) and (5) are limited to costs of effecting service incurred after the time expires for the defendant to return the waiver.").

Most injurious to Plaintiff's request for reimbursement of fees and costs is the fact that Plaintiff waited merely seven (7) days after serving the request for waiver of service to file the within motion. Plaintiff acknowledges that Mr. O'Connor never responded to the request for waiver of service. (Pl.'s Br. at 3.) As noted, Rule 4(d)(1) provides that "[t]he notice and request [to waive service of process] *must . . . give the defendant a reasonable time of at least 30 days after the request was sent . . .* to return the waiver." Fed. R. Civ. P. 4(d)(1)(F) (emphasis added). Courts have found that a plaintiff has failed to substantially comply with Rule 4(d)(1) where the plaintiff failed to provide at least 30 days for the defendant to return the waiver. *See, e.g., Abadi v. United Airlines, Inc.*, Civ. No. 25-1771, 2025 WL 1636086, at *2 (S.D.N.Y. June 9, 2025) ("[P]laintiff failed to comply with Rule 4(d)(1)(F), which required him to give defendant 'a reasonable time of at least 30 days after the request was sent' to return the waiver. Instead, plaintiff jumped the gun by retaining a process server . . . and effecting service . . . just 21 days after his first email."); *McDonald v. CLB Invs., L.L.C.*, Civ. No. 22-2377, 2023 WL 1871123, at *2 (E.D. La. Jan. 24, 2023), *report and recommendation adopted sub nom. McDonald v. CLB Invs., LLC*, Civ. No. 22-2377, 2023 WL 1861322 (E.D. La. Feb. 9, 2023) ("Under Rule 4(d)(1)(F), Plaintiff had the obligation to 'give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver,' . . . Plaintiff simply did not provide Defendants with a reasonable time to return the waiver."); *Brinks Glob. Servs. USA, Inc.* 686 F. Supp. 3d at 365-66 (collecting cases). Rule 4(d)(1)(F) is clear, unambiguous, and mandatory. Plaintiff was required to give the defendant a reasonable time of at least 30 days to respond to the request after it was served. Plaintiff failed to do so. Such a failure is fatal to Plaintiff's request.

17

Between the formalistic imperfections and the failure to comply with Rule 4(d)(1)(F), the Court finds that, in the aggregate, Plaintiff failed to comply, or substantially comply, with Rule 4(d) in attempting to obtain a waiver of service from Defendant. Plaintiff's request for reasonable service expenses and attorney's fees under Rule 4(d)(2) is therefore **DENIED**.[4]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to deem defendant served and award fees for costs of service is **GRANTED, in part, and DENIED, in part**. Accordingly, and for good cause shown,

**IT IS** on this **1st** day of **October** 2025,

**ORDERED** that Plaintiff's request to deem defendant served under Federal Rule of Civil Procedure 4(e) and (m) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for reasonable service expenses and attorney's fees is **DENIED**; and it is further

**ORDERED** that Defendant Ornelas-Kuh shall be deemed served as of the date of this Memorandum Order; and it is further

**ORDERED** that Defendant Ornelas-Kuh shall answer, move, or otherwise respond to Plaintiff's Third Amended Complaint (Docket Entry No. 151) within 21 days from the date of this Memorandum Order in accordance with the Federal Rules of Civil Procedure; and it is further

---

[4] Plaintiff, in its motion, requests that the Court award costs and fees for having to bring the within motion "pursuant to Fed. R Civ. P. 4(d)(2), Fed. R. Civ. P. 37 and/or all other applicable rules, authority and discretionary powers of the Court." (Pl.'s Br. at 19.) However, as Plaintiff's briefing solely focuses on relief under Rule 4(d)(2), the Court does not address Plaintiff's alternate authorities cited in passing. Nevertheless, the Court does not find that Plaintiff is entitled to relief under these alternate authorities.

**ORDERED** that the Clerk's Office is directed to terminate Docket Entry No. 144.

                                                   s/Tonianne J. Bongiovanni
                                                   **HONORABLE TONIANNE J. BONGIOVANNI**
                                                   **UNITED STATES MAGISTRATE JUDGE**