CRITCHLEY & LURIA, LLC
ATTORNEYS AT LAW
75 LIVINGSTON AVENUE - SUITE 303
ROSELAND, NEW JERSEY 07068

October 8, 2026

**VIA ECF**
The Honorable Tonianne J. Bongiovanni
United States Magistrate Judge
United States District Court
District of New Jersey
402 East State St., Room 6050
Trenton, NJ 08608

*Re: CC Ford Group West, LLC v. Jennifer Johnson et al.*, 3:22-cv-04143-MAS-TJB

Dear Judge Bongiovanni,

Along with Slarskey LLC, we represent Defendants Jennifer Johnson ("Johnson"), Project Velocity, Inc. ("PVI"), and Project Velocity Partners, LLC ("PVP," collectively with Johnson and PVI, the "PVI Defendants"), in the above-captioned matter. We write in response to Plaintiff's October 7, 2026, letter (ECF No. 211)[1] and its contention that Plaintiff's Proposed Conformed Third Amended Complaint ("PCTAC") (ECF No. 211-1) complies with the Court's order to Plaintiff, to revise the pleading so as to "streamline this action moving forward, especially through discovery." (ECF No. 197). The PCTAC falls far short of that obligation, including because it persists in including allegations that are not relevant to any surviving claim and places the Court's stated purpose of "effective case management" (*id.*) further out of reach.

Attached to this letter as Exhibit 1 is a redline of the PCTAC, which all Defendants previously provided to Plaintiff and which reflects the allegations that Defendants proposed striking from the PCTAC. Those proposed revisions include both revisions specific to the PVI Defendants (in order to remove allegations that do not go to any surviving claim against any of the PVI Defendants), as well as the revisions included in the version of the PCTAC attached to the PEC Defendants' October 7 letter (*see* ECF No. 212-1).

The PVI Defendants agree with, and join in, the PEC Defendants' arguments concerning CCFW's newly asserted civil conspiracy theory (*see* ECF No. 212 at 2-4), which was never pleaded or briefed, and may not properly be used now as a basis to justify a pleading with overblown, far-ranging factual allegations that do not support any surviving claim. The PVI Defendants write separately concerning the contention in Plaintiff's September 29 letter (ECF No. 211-3) that allegations in paragraphs 86-93 and 98-102 of Plaintiff's originally filed Third Amended Complaint (ECF No. 151) ("TAC") are properly included in the pleadings as relevant to the surviving tortious interference claims against PVI and PVP. The September 29 letter refers to pages 22-23 of the Court's Opinion (ECF No.

[1] The Court previously ordered the parties to provide a status update by yesterday, October 7, 2026, regarding the status of the parties' efforts to reach agreement on the contents of the conformed complaint. Because Plaintiff's counsel did not respond to attempts to coordinate a joint submission (*see* ECF No. 212 at 1 n.1), this letter is on behalf of the PVI Defendants only, and primarily concerns disputes between Plaintiff and the PVI Defendants.

185) as supporting the inclusion of those paragraphs on the supposed ground that the "Court sustained PVI/PVP tortious interference based on coordinated conduct." (ECF No. 211-3 at 3-4.) That argument fails.

First, pages 22-23 of the Opinion do not say anything about PVI or PVP's "coordinated conduct." Rather, after dismissing the tortious interference claims as to Johnson, Bicking, Weiler, and Kuh (and the PEC Defendants), the Court sustained tortious interference claims against PVI and PVP based on allegations that those entities interfered with certain contracts or business relationships, and thereby damaged Plaintiff. The Court cited to certain specific paragraphs of the complaint to support its analysis. The PVI Defendants do not propose removing those paragraphs, which are located within the complaint's counts, and which do not refer at all to the golf trip or the subsequent communications alleged in paragraphs 86-93 or 98-102 of the TAC.

Second, as discussed above, the Court sustained the tortious interference claims against PVI and PVP based on allegations that those entities interfered with certain contracts or business relationships. Yet paragraphs 86-93 and 98-102 of the TAC do not refer to those entities in any way. Nor could they. The allegations about the Kiawah Island trip and subsequent communications all took place in December 2021, which was before either PVI or PVP was formed. See TAC ¶¶ 115 (PVI certificate of incorporation filed February 28, 2022); 283 ("PVP is a limited liability company established in July 2023 . . . . PVP is nothing more than a shell company"). And paragraphs 86-93 and 98-102 of the TAC refer solely to actions allegedly taken by Manning, Johnson, and nonparty Janice Crum—none of whom are parties to the surviving tortious interference counts, insofar as those claims were deemed duplicative of Plaintiff's contract claims (Op. at 22). Plaintiff's purported basis to include the allegations in the TAC paragraphs 86-93 and 98-102 in the conformed complaint is unavailing, and those allegations should properly be removed from the PCTAC.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Amy Luria*
Amy Luria

cc: All Counsel of Record via ECF